**Mary Ellis CUEVAS, Appellee,**

v.

**STATE of Iowa, Appellant.**

**No. 86–938.**

Supreme Court of Iowa.

Nov. 25, 1987.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., James A. Smith, Co. Atty., Catherine H. Thune, Asst. Co. Atty., for appellant.

William L. Kutmus, Kutmus & Pennington, P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO and NEUMAN, JJ.

HARRIS, Presiding Justice.

In this postconviction proceeding Mary Ellis Cuevas contends her first-degree murder conviction must be set aside because she was denied effective assistance of appellate counsel. Her trial counsel objected to the trial court's refusal to submit lesser included offenses of second-degree murder and manslaughter for jury consideration. She obtained different counsel on appeal from her conviction. Appellate counsel did not assign error on the refusal. In a companion case we subscribed to an identical challenge to the instructions, reversing the first-degree murder conviction of her accomplice-husband. In this action she contends the reversible error, not raised on her direct appeal, entitles her to postconviction relief. The district court and court of appeals agreed and ordered a new trial. We however disagree and hence reverse the postconviction judgment.

Details of the crime were stated in our opinion upon the direct appeal. *State v. Cuevas*, 281 N.W.2d 627 (Iowa 1979). Cuevas, her husband Phillip, and Peter Miover undertook to burglarize the home of George Weeks and rob him. Cuevas remained in the car while Phillip and Miover went into the house. Weeks was shot and killed by Phillip.

Cuevas was charged with aiding and abetting her husband in the burglary and the killing of Weeks and was tried and convicted of first-degree murder. As mentioned, the trial counsel asked that the jury consider the lesser included offenses of second-degree murder and manslaughter. The trial court refused. On her appeal following conviction she was represented by Lawrence Scalise and Thomas Levis of Des Moines. Appellate counsel assigned only three errors, all of which we rejected. As a matter of appellate strategy counsel opted not to assign error in the trial court's rejection of the objection to the jury instructions.

Contending the failure amounted to ineffective assistance of counsel, Cuevas points to her husband's experience. He was also tried and convicted of first-degree murder as a result of the same offense. His trial counsel also unsuccessfully sought to have the lesser included offenses considered by the jury. On his appeal, however, the trial court's refusal to submit the lesser included offenses was assigned as error and his conviction was reversed because of the failure. *State v. Cuevas*, 282 N.W.2d 74, 78 (Iowa 1979).

On August 18, 1980, following reversal of her husband's conviction, Mrs. Cuevas filed the first of three successive applications for postconviction relief, stating as ground the trial court's failure to submit the lesser included offenses. On April 1,

1981, relief was denied because she had not established sufficient reason for failing to raise the issue on her direct appeal. *Rinehart v. State*, 234 N.W.2d 649, 656 (Iowa 1975) ("a ground 'not raised' in a prior proceeding may not be the basis for a later postconviction relief petition unless excused ..."); Iowa Code section 663A.8 (1987) (all grounds for postconviction relief must be raised in original petition—unless excused for a sufficient reason).

On May 5, 1984, Mrs. Cuevas filed her second postconviction application, raising new, unrelated grounds. Relief was again denied because sufficient reason was not established for failing to raise the new grounds in her appeal or the previous postconviction petition. Mrs. Cuevas's appeal from the denial of her second petition for postconviction relief was affirmed by the court of appeals. *Cuevas v. State*, 372 N.W.2d 284 (Iowa App.1985).

Thereafter Mrs. Cuevas again changed counsel and brought this, her third, postconviction petition.

■ I. Mrs. Cuevas's claim may well be barred because it was not presented in her earlier petitions for further review. Ineffectiveness of counsel provides a "sufficient reason" under section 663A.8. *Lamphere v. State*, 348 N.W.2d 212, 215 (Iowa 1984). But it may be stretching the point too far to first raise it on the third postconviction proceeding, following a direct appeal. Without suggesting we will be drawn into precedent by doing so, we choose to address the claim on its merits.

■ II. Ordinarily a postconviction relief proceeding pursuant to Iowa Code chapter 663A is at law and our review is not de novo. *Schertz v. State*, 380 N.W.2d 404, 408 (Iowa 1985) (citing *Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980)). When however a postconviction petitioner asserts a violation of constitutional safeguards, the reviewing court makes its own evaluation based on the totality of the circumstances. This is the equivalent of de novo review. *Hinkle*, 290 N.W.2d at 30. A postconviction claim of ineffective assistance of counsel asserts a violation of constitutional safeguards. *See Schertz*, 380

N.W.2d at 408. Thus, our review is de novo.

■ III. Defendant is not entitled to perfect representation, but only to that which is within the range of normal competency. *State v. Halstead*, 362 N.W.2d 504, 508 (Iowa 1985). We presume counsel was competent, and a postconviction petitioner has the burden of proof to establish by a preponderance of the evidence that counsel was ineffective. *Snethen v. State*, 308 N.W.2d 11, 14 (Iowa 1981). To establish an ineffectiveness claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the [s]ixth [a]mendment. Second, the defendant must show that the deficient performing prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984). We abide by the *Strickland* standard. *Schertz v. State*, 380 N.W.2d 404, 408 (Iowa 1985). Improvident trial strategy, miscalculated tactics, or mistakes in judgment do not necessarily amount to ineffective counsel. *Hinkle*, 290 N.W.2d at 34.

■ It is clear that counsel for Mrs. Cuevas were aware that error had been preserved at trial regarding the trial court's refusal to submit the lesser included offenses of second-degree murder and manslaughter. In defendant's first petition for postconviction relief in 1981, counsel gave the reasons for not pursuing that issue on appeal:

> The issue was not raised on appeal for the simple reason that the Iowa Supreme Court had not ever given any indication that such an issue would be viable in a particular ground for reversal of a criminal conviction ... It was the belief of petitioner's counsel that to argue the failure of the trial court's decision to not

submit murder in the second degree and manslaughter would have been frivolous and without merit. The basis for this opinion by counsel for the petitioner during the appeal was the simple fact that the Iowa Supreme Court had been totally and unequivocally against granting relief on such issues and counsel for the defendant did not believe the defendant should submit issues to the Iowa Supreme Court which would be frivolous and perhaps detract from other more important and legitimate issues.

We cannot say that, at the time, such a view fell outside the range of normal competency. Counsel was faced with our decision in *State v. Conner*, 241 N.W.2d 447 (Iowa 1976). Conner and a companion named Nowlin picked up two victims and then robbed and murdered them. *Id.* at 450. The only charge submitted to the jury was felony murder: that defendant participated in or aided and abetted Nowlin in the robbery and that the murder occurred in the perpetration of the robbery. *Id.* at 461. We rejected Conner's claim that the included offense of second-degree murder should have been submitted, stating that under the evidence he only could be found guilty of first-degree murder or acquitted. *Id.*

Mrs. Cuevas thinks our decisions in *State v. Reese*, 259 N.W.2d 771 (Iowa 1977), and *State v. Millspaugh*, 257 N.W.2d 513 (Iowa 1977), indicate that the law was not as clear as the State would have us believe. Mrs. Cuevas says these decisions should have put counsel on notice that the law in this area was "unsettled" and that an appeal of the refusal to submit the included offenses might have been successful.

This assertion presupposes a conflict between the *Conner* case and the *Reese* and *Millspaugh* cases. We do not think counsel should have been required to perceive such a conflict. The three cases all emphasize the same point. That is, when there is a factual basis in the record for submitting the included offenses, those offenses must be submitted. Failure to do so will necessitate a new trial. *See Millspaugh*, 257 N.W.2d at 516. It was not unreasonable for counsel to believe that the question

then presented was whether there was a factual basis for the lesser included offenses.

Our reversal of Phillip Cuevas's conviction marked a clear break with our prior decisions. The holding was based on twin possibilities that Phillip Cuevas shot Weeks without finding the shooting was intentional or that the jury disbelieved the part of Miover's testimony concerning the purpose of going to the Weeks' house. 282 N.W.2d at 78. Our reliance on these possibilities greatly reduced what we required prior to the *(Phillip) Cuevas* case. Under *(Phillip) Cuevas* it was sufficient to merely disbelieve some of the testimony indicating that a felony *was* being committed. Under prior law the jury was required to find some positive basis in the evidence which would support a conclusion that a felony was not being committed.

Mr. Scalise, who served as Mrs. Cuevas's first appellate counsel, is a former Iowa attorney general who is widely experienced in the trial and appeal of criminal cases. He is of unquestioned ability. A heavy professional responsibility devolves upon an appellate lawyer when it comes to assessing possible assignments of error. Of course error is waived if it is not assigned. On the other hand most experienced appellate lawyers or judges will attest it is a tactical blunder, often devastating to an appellant, to assign every conceivable complaint. Highly competent appellate lawyers generally assign only the strongest points and rely on them for reversal. That is what counsel sought to do here. Hindsight indicates that his judgment call on the assignment of error was wrong. But this is a far cry from qualifying as ineffective representation.

Mary Ellis Cuevas's petition for postconviction relief should have been denied.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED.