**STATE of Iowa, Appellee,**

v.

**Ralph Nelson MEYERS, Appellant.**

No. 87–318.

Supreme Court of Iowa.

June 15, 1988.

Lon R. Tullar, Sac City, for appellant.

Thomas J. Miller, Atty. Gen., Bruce L. Kempkes, Asst. Atty. Gen., and David P. Jennett, County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Defendant Ralph N. Meyers was found guilty by a jury of third degree sexual abuse in violation of Iowa Code sections 709.1(3) and 709.4(3) (1985). In a motion for new trial, defendant argued, as he does on appeal, (1) that the prosecution had denied him a fair trial by failing to introduce evidence in response to which he had prepared an alibi defense; and (2) that communication between the judge and jury outside the presence of defendant and his counsel violated Iowa Rule of Criminal Procedure 18(5)(g), necessitating a new trial. The tri-

al court overruled the motion on both grounds and the court of appeals affirmed. We granted further review.

Defendant's first assignment of error is unpersuasive but we agree with defendant's second contention. Thus, we vacate the court of appeals decision, reverse the trial court conviction and remand for a new trial.

I. *Background facts and proceedings.* Defendant was charged in September 1986 with sexual abuse of his stepdaughter. During her deposition taken in December, she alleged numerous incidents of sexual contact between defendant and herself. She was under age fourteen at the time of the alleged incidents. *See* Iowa Code § 702.5.

Her recollection of some of the incidents was fairly specific. She stated that she recalled an act of intercourse taking place on defendant's water bed while she had chicken pox. She also recalled sexual acts occurring the day before and a few days after a conference swim meet in which she participated. She alleged that another incident took place on defendant's birthday while her mother was out of the house shopping for a hunting bow for defendant. She added that the final act of abuse took place in November 1985, and she recalled that defendant was taking the drug antabuse at the time.

After the child's deposition, defendant gave notice to the prosecution of his alibi defense. *See* Iowa R.Crim.P. 10(11)(a). He intended to show (1) that his water bed was purchased a full year after the child had chicken pox; (2) that he was out of town before and after the swim meet in question; (3) that he received the hunting bow for Christmas, not for his birthday; and (4) that he did not start taking antabuse until December 1985.

At trial, the prosecution on direct examination did not have the child testify to the specific details that defendant was prepared to contradict. Defendant did cross-examine her, using a transcript from her prior deposition to highlight inconsistencies. The child admitted to being nervous during her deposition and stated that she may have been wrong concerning some of the details she recalled when being deposed. In his case in chief, defendant did present his alibi evidence to the jury through the testimony of various witnesses. He did not request a jury instruction on his alibi defense.

The case was then submitted to the jury. At some point during jury deliberations, the jury foreman sent a note to the judge asking if the jury could have access to the trial transcript. In response, the judge sent a note stating, "Ladies and Gentlemen of the Jury: In response to your request, 'Jury requests the trial transcripts. s/[foreman]', it is impossible for a trial transcript to be provided to you."

After sending this note, the judge attempted unsuccessfully to reach the defense counsel. The defendant was sitting outside the courtroom at the time, but the judge did not attempt to find him.

A short time later, the jury foreman sent a second note asking whether the jury could see specific portions of the transcript. Without attempting to reach counsel for either party, the judge sent another note reading, "Ladies and Gentlemen of the Jury: In response to your request, 'Can the jury ask for specific portions of the transcripts. s/[foreman]', you are instructed that the jury may have only the exhibits that have been admitted into evidence."

The jury then returned a verdict finding the defendant guilty of third degree sexual abuse. Defendant appeals, claiming error in the prosecutor's selective questioning and in the judge's notes to the jury out of the presence of defendant and his attorney.

We review for errors of law. Iowa R.App.P. 4. For convenience, we begin with defendant's second assertion of error.

II. *Communication between judge and jury.* Defendant asserts that the court's two notes to the jury in the absence of defendant and counsel violated Iowa Rule of Criminal Procedure 18(5)(g), thereby entitling him to a new trial. Rule 18(5)(g) states in full:

> After the jury has retired for deliberation, *if there be any disagreement as to*

*any part of the testimony,* or if it desires to be informed on any point of law arising in the cause, it must require the officer to conduct it into court, and, upon its being brought in, the information required may be given, in the discretion of the trial court. Where further information as to the testimony which was given at trial is taken by the jury, this shall be accomplished by the court reporter or other appropriate official reading from the reporter's notes. Where the court gives the jury additional instructions, this shall appear of record. Provided, that *the procedures* described in this section *shall take place in the presence of defendant and counsel for the defense and prosecution,* unless such presence is waived.

(Emphasis added.)

█ The defendant's right to be present during trial proceedings derives from the sixth amendment of the United States Constitution. The right is implemented in Iowa Rule of Criminal Procedure 25. *State v. McKee,* 312 N.W.2d 907, 914 (Iowa 1981). We have addressed the problems raised by communication between judge and jury in the absence of defendant and defense counsel in several recent cases. Consistent with the language of rule 18(5)(g), those cases have dealt with jury requests for either additional instructions, further clarification on a point of law, or review of trial testimony. Whatever the nature of the assertion of error, we have abided in each case by the rule first set forth in *State v. Snyder,* 223 N.W.2d 217 (Iowa 1974).

*Snyder* was decided in 1974 when the rules of criminal procedure were still contained in the Iowa Code. Iowa Code section 784.2 (1977), the precursor to rule 18(5)(g) which became effective in 1978, contained language substantially similar to that in rule 18(5)(g) for our purposes.[1] Interpreting section 784.2, we expressly held that "absence [of defendant and defense counsel] gives rise to a presumption of prejudice necessitating reversal unless the record affirmatively shows the instruction had no influence on the jury's verdict prejudicial to the defendant." *Id.* at 221–222; *see also State v. Griffin,* 323 N.W.2d 198, 201 (Iowa 1982).

Subsequently, in *State v. McKee,* 312 N.W.2d 907, 915 (Iowa 1981), we assessed a trial court response to a jury request for additional instructions. We concluded under rule 18(5)(g) that the communication between the judge and jury, although error, was harmless beyond a reasonable doubt.

We commented again on rule 18(5)(g) in *Griffin,* 323 N.W.2d at 200, stating that "the trial court has discretion whether, and to what extent, a jury inquiry should be answered; but it has no discretion in deciding whether defendant and counsel need be present." In *Griffin,* the jury wanted further clarification of a legal definition, a request which fell within rule 18(5)(g) as a "point of law arising in the cause." *Id.* at 200. The judge sent the jury a note refusing its request, but did so without the defendant or defense counsel present. We held that this communication violated rule 18(5)(g) and granted defendant a new trial.

We applied the same rule to a jury request to review transcripts of trial testimony in *State v. Folck,* 325 N.W.2d 368 (Iowa 1982). During deliberations, the jury in *Folck* requested that certain testimony be read from the record. In a written response, the judge stated, "I am sorry but this is not possible. You will have to rely upon your collective memories." *Id.* at 374. The jury submitted the same request a second time. The judge then called the jury into the courtroom and, with defendant and counsel present, had the court reporter read the requested testimony to the jury. We held that it was error for the judge to respond to the jury without defendant and counsel present in the first instance, stating that "the trial court

---

1. Iowa Code section 784.2 (1977) reads in full:
    After the jury has retired for deliberation, if there be any disagreement as to any part of the testimony, or if it desires to be informed on any point of law arising in the cause, it must require the officer to conduct it into court, and, upon its being brought in, the information required must be given as provided by law, in the presence of or after oral notice to the county attorney and defendant's counsel.

should have followed this procedure [response in presence of defendant and counsel] when the first request was received, even if the request was denied." *Id.* However, we found no prejudice to the defendant in view of the proceedings that followed.

■ The trial court in this case committed the same error, but the error was not later corrected. Consequently, rule 18(5)(g) was violated, and we must determine whether the resultant presumption of prejudice is overcome beyond a reasonable doubt by the evidence and proceedings in the record.

■ Commenting on a communication that we found harmless in *State v. Williams,* 341 N.W.2d 748, 751 (Iowa 1983), we noted, "The communication was not an instruction on the law and had no bearing on the evidence the jurors were to consider." We cannot say that concerning the communication in the present case. The jury's request to review the transcript or portions thereof relates directly to evidence presented at trial and signals possible disagreement by jurors concerning it. *See* Iowa R.Crim.P. 18(5)(g).

Nothing in the record, or in the State's briefs, challenges the presumption that the defendant was prejudiced.[2]

We stated in *Griffin* that trial courts should generally conduct all matters involving jury inquiry in the presence of the defendant and counsel. 323 N.W.2d at 201. Expounding on this suggestion, we added:

There is good reason for this practice. It provides an adequate record on appeal; *it allows counsel an opportunity to argue for or against the giving of additional information to the jury;* and it

gives the parties, both the defendant and the State, notice of the jury's request which otherwise might go undisclosed. *Id.* (Emphasis added.)

The court should not have responded to or denied the jury's request without first allowing defendant and counsel to be present and argue for or against giving the requested additional information to the jury. *Id.* That is the purpose of the language in rule 18(5)(g). After hearing such arguments, the court then may exercise its discretion whether to require the reading of requested testimony to the jury.

■ Unfortunately, trial counsel do not always make themselves readily available during jury deliberations. Before the court allows the parties and counsel to leave the courtroom during jury deliberations, we suggest that the court require counsel and the defendant to make themselves readily available to consult concerning, and to be present during, the court's communications with the jury unless such presence is specifically waived on the record. See Iowa R.Crim.P. 18(5)(g). Thus, the situation that arose in this case could be avoided.

Notably, the State does not contend here, and none of our past cases discuss, the question whether the presence of defendant and his counsel during the judge's communication with the jury is impliedly waived due to defense counsel's apparent unavailability. We cannot find any implied waiver of the presence of defendant, however, under this record. It is not disputed by the parties that defendant was sitting outside the judge's chambers during jury deliberations.

We conclude the case must be reversed and remanded for a new trial due to the

2. Defense counsel submitted affidavits from members of the jury to the trial court as part of his motion for a new trial. The transcripts revealed confusion by some jurors over whether the testimony of the physician who examined the child corroborated her allegations of the period of time during which sexual abuse allegedly took place. Our recent decision in *Ryan v. Arneson,* 422 N.W.2d 491 (Iowa 1988), held that jurors are incompetent to testify to statements or any matter occurring in the course of deliberations. *Id.* at 494, *see also* Iowa R.Evid. 606(b); *cf.* Fed.R.Evid. 606(b).

Our decision in *Ryan v. Arneson* adopting the rule which protects jury deliberations was filed on April 13, 1988. The trial court was asked to consider the jury affidavits prior to that date. Whether or not the trial court considered the affidavits, it ruled that defendant was not entitled to a new trial. Regardless of the information contained in the affidavits, we hold that the defendant is entitled to a new trial because the prosecution has not overcome the presumption of prejudice.

court's failure to comply with rule 18(5)(g) in the presence of defendant and counsel.

■ III. *Prosecutorial misconduct.* Because it may arise on retrial, we address defendant's other contention. Defendant also argued in his motion for new trial that he was prejudiced by the State's selective presentation of evidence. To prevail on an accusation of prosecutorial misconduct, the defendant must prove both misconduct and resulting prejudice. *State v. Ruble*, 372 N.W.2d 216, 218 (Iowa 1985).

■ On direct exam, the prosecutor did not ask the stepdaughter questions about specific dates or specific recollections to which she had referred in her earlier deposition. Defendant argues that this selective questioning was improper because it was done in anticipation of his alibi evidence. Defense counsel did cross-examine her about the specific dates and recollections he was prepared to rebut and, accordingly, did present his contradictory evidence to the jury. He complains, however, that his alibi evidence was not as powerful as it might have been had the child testified on direct examination at trial to the specifics to which she testified during deposition.

We find no misconduct. The prosecutor strategically phrased his questions to avoid possible contradictions in the child's testimony which had appeared in her deposition. Defendant cross-examined her based upon her earlier deposition testimony and presented his alibi evidence to the jury. The jury appears to have been advised of all evidence bearing on the several incidents of alleged sexual abuse. No reversible error appears here.

IV. *Disposition.* For the reason stated in division II, we vacate the decision of the court of appeals, reverse the district court judgment and remand for a new trial.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.