Thomas KANE, Appellant,

v.

STATE of Iowa, Appellee.

No. 87–158.

Supreme Court of Iowa.

Feb. 22, 1989.

James P. Cleary, Phoenix, Ariz., for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., and E.A. Westfall, County Atty., for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Applicant, Thomas Kane, was convicted of first degree murder in violation of Iowa Code sections 707.1 and 707.2 (1979). On his direct appeal, we affirmed the conviction. His subsequent application for post-conviction relief was denied by the district court. On the present appeal, Kane claims 1) ineffective assistance of appellate counsel in his criminal case, 2) he was denied a fair trial in his criminal case due to a private communication between the trial judge and jury, and 3) ineffective assistance of his criminal case trial counsel. This postconviction case appeal was transferred to the court of appeals which reversed the judgment of the postconviction court and remanded for a new trial in the criminal case. The State applied for further review, which we granted. We now vacate the decision of the court of appeals and affirm the judgment of the postconviction court.

I. *Background facts and proceedings.* On October 7, 1980, Kane and another after-hours patron of a Council Bluffs tavern entered into an argument. Insults were traded, and Kane accepted the other patron's invitation to take the argument outside. In the alley behind the tavern, Kane shot the other patron four times, fatally wounding him.

Kane was immediately apprehended and thereafter charged with first degree murder.

At trial, Kane asserted alternative defenses: self defense, and diminished capacity due to intoxication. Following the evidence and after the case was submitted to the jury, the jury sent a note to the presiding judge inquiring about the testimony of three witnesses for the prosecution. Specifically, those questions were:

Did Dorothy Pierce [a neighbor to the shooting scene] say that she told Lt. Shaw that she heard moans and pleas for help when Lt. Shaw spoke to her at the phone booth.

Re: Dr. Scartino's testimony. Was the trajectory on the shot that went through the tissue [of the victim] on the left side up or down, how the angle was described.

Did Lt. Shaw say that Dorothy Pierce told him about the moans and pleas for help at the phone booth.

There was no request by the jury that testimony of the witnesses be read back to the jury. The questions obviously were directed for the court to answer.

The trial judge, without consulting either counsel or Kane, issued a written response stating, "You, the Jury, will have [to] rely on your own recollection of the testimony." There is no dispute that this instruction was transmitted to the jury through the court attendant outside of the presence or knowledge of Kane and counsel.

A jury verdict was rendered finding Kane guilty of murder in the first degree. Judgment and sentence were entered upon the verdict.

Kane appealed his conviction. He asserted on the direct appeal that the trial court erred in overruling his motion for mistrial after a State witness disclosed Kane had a criminal record, and in overruling his motion for judgment of acquittal of first degree murder because of insufficient evidence on the mens rea of that offense. At the time of the appeal, Kane's appellate counsel who was different from his trial counsel was aware of the communication between judge and jury, but elected not to present this issue on direct appeal.

Kane's conviction was affirmed by a per curiam decision of this court. *State v. Kane*, 319 N.W.2d 312 (Iowa 1982) (table).

By new counsel, Kane then filed an application, as amended, for postconviction relief, alleging he was denied a fair trial. The grounds assigned for relief included Kane's trial counsel's failure to object to certain jury instructions, ineffective assistance of trial and appellate counsel, and improper communication between the trial judge and jury. The application was denied by the district court.

Kane appealed the judgment of the postconviction court and the matter was transferred to the court of appeals. The court of appeals found that Kane's trial counsel was not ineffective and that no error occurred in counsel's failure to object to certain jury instructions. The court of appeals reversed the postconviction court, however, and ordered that Kane be granted a new trial because the trial court's communication with the jury was outside the presence of Kane and defense counsel in violation of Iowa Rule of Criminal Procedure 18(5)(g). Only the State sought further review of this decision, which we granted.

II. *Preservation of error.* The State contends that Kane failed to preserve error concerning the trial court's jury communications. The State alleges that by not asserting the error on direct appeal in the criminal case, applicant has waived review and postconviction relief in the present case; thus, the court of appeals erred by reaching the merits of the jury communications issue and reversing the district court. Kane counters that assigning such error on the direct appeal was unnecessary, and if necessary, the omission was due to ineffective assistance of appellate counsel.

▮ Proceedings under Iowa Code chapter 663A are civil actions at law and ordinarily reviewed on error. When there is an alleged denial of constitutional rights, however, we make our own evaluation of the totality of the circumstances in a de novo review. *Polly v. State*, 355 N.W.2d 849, 854 (Iowa 1984). We assume without deciding, for purposes of this review, that Kane's claims relating to the trial court's communications with the jury implicate not only our Iowa rules of criminal procedure, but also Kane's sixth amendment rights under the United States Constitution. *See State v. Meyers*, 426 N.W.2d 614, 616 (Iowa 1988). Therefore, our review is de novo.

Iowa Code section 663A.8 generally bars applicants in postconviction actions from assigning grounds for relief which were not asserted on direct appeal from the criminal conviction. That section provides:

> All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for

a subsequent application, unless the court finds a ground for relief asserted which for *sufficient reason* was not asserted or was inadequately raised in the original, supplemental or amended application.

Iowa Code § 663A.8 (1987) (emphasis added).

In *Washington v. Scurr*, 304 N.W.2d 231, 235 (Iowa 1981), we stated that postconviction proceedings should not be considered to be a substitute for direct appeal. "We will not ordinarily allow a defendant to claim in postconviction proceedings that the trial court erred on issues that were not properly presented for our review on direct appeal." *Id.*

In order to assign new error challenging a conviction, an applicant must "not only show 'cause' (or Iowa Code section 663A.8 'sufficient reason') for failure to challenge the alleged errors in trial court, but also show actual prejudice resulting from these errors." *Polly*, 355 N.W.2d at 856 (citing *Wainwright v. Sykes*, 433 U.S. 72, 85, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594, 607 (1977)).

A. *Cause or "sufficient reason".* It is not disputed that Kane failed to adequately allege an improper jury communication in his direct appeal. *See State v. White*, 337 N.W.2d 517, 519–20 (Iowa 1983). Instead, he asserts that any failure to raise the error on direct appeal was due to the ineffective assistance of his appellate counsel.

■ Ineffective assistance of counsel may satisfy the "sufficient reason" element of the test articulated in *Polly*. *Lamphere v. State*, 348 N.W.2d 212, 215 (Iowa 1984). To establish a claim of ineffective assistance of *trial* counsel, we have indicated the applicant must show: 1) that counsel's performance was so deficient as not to be functioning as "counsel" guaranteed by the sixth amendment; and 2) that the deficient performance so prejudiced the defense as to deprive the defendant of a fair trial. *State v. Losee*, 354 N.W.2d 239, 243 (Iowa 1984) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)). A claim of ineffective assistance of appellate coun-

sel must satisfy an analogous standard. *See Cuevas v. State*, 415 N.W.2d 630, 632 (Iowa 1987). Representation by counsel is presumed to be competent, and a postconviction applicant has the burden to prove by a preponderance of the evidence that counsel was ineffective. *Snethen v. State*, 308 N.W.2d 11, 14 (Iowa 1981).

■ 1. *Appellate counsel's performance.* Improvident trial strategy, miscalculated tactics, or mistakes in judgment do not necessarily amount to ineffective assistance of counsel. *Hinkle v. State*, 290 N.W.2d 28, 34 (Iowa 1980).

■ In his testimony before the district court in Kane's postconviction hearing, Kane's counsel from the direct appeal stated that he was aware of the trial court's communication with the jury and the possible violation of Iowa Rule of Criminal Procedure 18(5)(g). Counsel testified that he elected not to assign this error on appeal, however, because he considered the error to be without merit and predicted "the [supreme] court would be highly unlikely to reverse on that limited type of language by the [trial] court."

We refused to find the performance by appellate counsel to be deficient in a similar postconviction action. In *Cuevas*, 415 N.W.2d at 631, the applicant claimed ineffective assistance of appellate counsel where counsel declined to present an issue on direct appeal that ultimately proved to be the basis for reversal of a companion appeal. Like the applicant in *Cuevas*, Kane asks that we reexamine his conviction in light of subsequent case authority from this court. The reasoning we applied in *Cuevas*, to deny the requested relief, applies equally well here:

A heavy professional responsibility devolves upon an appellate lawyer when it comes to assessing possible assignments of error. Of course error is waived if it is not assigned. On the other hand most experienced appellate lawyers or judges will attest it is a tactical blunder, often devastating to an appellant, to assign every conceivable complaint. Highly competent appellate lawyers generally

assign only the strongest points and rely on them for reversal. That is what counsel sought to do here. Hindsight indicates that his judgment call on the assignment of error was wrong. But this is a far cry from qualifying as ineffective representation.

*Id.* at 633.

Counsel's decision in the present case was very much a judgment call which we find was reasonably warranted. Our examination of the record leads us to conclude that applicant has not shown that representation by his direct appeal counsel was deficient.

■ 2. *Denial of a fair hearing.* In any event, applicant also has not met the second element of the ineffective assistance of counsel test. Kane was not prejudiced by direct appeal counsel's performance such that he was denied a fair hearing.

Kane contends that had counsel presented the jury communication issue on appeal, his conviction would have been reversed. He cites *State v. Meyers,* 426 N.W.2d 614 (Iowa 1988), in support of his position that this communication by the trial judge tainted the jury's verdict. Even assuming that our reasoning in Kane's direct appeal would have conformed to *Meyers,* we are not convinced a similar result would have ensued.

In *Meyers,* our holding relied upon the rule articulated in *State v. Snyder,* 223 N.W.2d 217 (Iowa 1974), that an instruction by the court to the jury in the absence of the criminal defendant and defense counsel "gives rise to a presumption of prejudice necessitating reversal *unless the record affirmatively shows the instruction had no influence on the jury's verdict prejudicial to the defendant.*" *Id.* at 221–22 (emphasis added). In *Meyers,* we found the jury communication by the court violated Iowa Rule of Criminal Procedure 18(5)(g) and there was nothing in the record to rebut the presumption of prejudice to the defendant. The case was therefore remanded for a new trial.

Assuming the trial court erred in its communication to the jury in the present matter, under *Meyers* we must then determine whether the record affirmatively shows the communication had no influence on the verdict prejudicial to Kane. Once again we are aided by the testimony of applicant's appellate counsel in the postconviction hearing. In commenting on the testimony relevant to the jury's questions, counsel stated that, had he been trial counsel, he would have advised the trial court to respond to the jury's questions in the manner that it did. Counsel took this position because the evidence in question was not favorable to Kane.

The judge presiding in the criminal trial also testified at the postconviction hearing. Concerning the jury's questions, the judge stated that "there was only one possible answer to give because the questions asked the court to comment on evidence and ... the only answer to give is that the jury would have to rely on their own recollection."

Based upon our own de novo review of the trial court proceedings, we also find ample record exists to rebut the presumption that Kane was prejudiced by the error. No request was made by the jury to read back the evidence of the witnesses. Even if the jury had so requested, it is apparent from a study of the trial court transcript, that the evidence that might be read back was not favorable to Kane. Therefore, by not reading this testimony to the jury or directly answering the questions, the trial court prevented prejudice to Kane. Applicant's claimed prejudice due to ineffective assistance of appellate counsel with regard to this issue is therefore without merit.

■ The performance of Kane's appellate counsel was not deficient and caused no prejudice against him. Finding no ineffective assistance of direct appeal counsel, Kane has not shown "sufficient reason" for failure to preserve error on the private jury communication issue in his direct appeal.

■ B. *Actual prejudice.* Kane also fails to satisfy the second element of the *Polly* test. In addition to our discussion in division II(A)(2), above, concerning prejudice to the applicant, we quote with approv-

al the conclusions of the district court in Kane's postconviction action:

> The first area of concern is the actual message given to the jurors by the Court.... There was no indication in the record whatsoever that had [the applicant] been present, the trial Court would have done or said anything different from what was said and done.... [I]t is clear that the actual communication was legally correct (as within the Court's discretion), was responsive to the inquiry, was clearly stated, and was devoid of prejudicial comment on its face. The communication itself was not prejudicial to the [applicant].

> The second area of concern is whether the record as a whole demonstrates that the communication prejudiced applicant's right to a fair trial and resulted in a verdict which might have been based on impermissible grounds.... Here, the inquiry related to testimony which was already presented to a jury. Their collective [recollection] of that testimony and determination of the facts based upon that testimony resulted in the verdict. This Court is convinced that the Rule violation in this instance did not prejudice applicant's right to a fair trial. The trial record as a whole clearly supports the finding that no prejudice resulted from the communication.

Based upon our own de novo review of the record, we agree with the postconviction court's conclusions. Kane has failed to show actual prejudice resulting from the alleged erroneous private jury communication.

Finding no "sufficient reason" or "actual prejudice" under the standards stated above, applicant is barred by Iowa Code section 663A.8 from raising these new grounds for postconviction relief.

III. *The trial court's communication with the jury.* Because Kane failed to preserve error relating to the trial court's private communication with the jury, we need not formally reach the merits of that issue here. Suffice it to say, as discussed in subdivisions II(A)(2) and II(B), above, in connection with the preservation of error

analysis, ample record evidence exists to rebut the presumption of prejudice caused by any error which may have been incurred.

IV. *Other issues.* In his application for postconviction relief, applicant also challenged the effectiveness of his criminal trial counsel in two respects: first, failure to object to certain jury instructions; and second, failure to investigate a potential witness to the shooting. We find no error in either assignment.

■ A. *Failure to object to jury instructions.* Kane claims the jury instructions relating to his mental capacity at the time of the shooting unconstitutionally shifted the burden of proof to him as to such defense.

We agree with the court of appeals which found the instructions questioned here to be substantially similar to the instructions which were approved in *State v. Elam*, 328 N.W.2d 314, 318 (Iowa 1982). Therefore, we find no basis for relief in this assignment of error.

■ B. *Failure to investigate a potential witness.* Contained in the prosecutor's file was the statement of a person who claimed to be present in the tavern at the time of the shooting. Kane contends he was prejudiced because his trial counsel failed to investigate further this witness's knowledge of the events.

Applicant ignores the fact that by his own testimony, the alleged witness was not present during the time the shooting took place. Much of the information provided in the witness's original statement was contradictory to applicant's own version and testimony of the events. In addition, Kane's trial counsel testified in the postconviction hearing that counsel would not have called the person as a witness because his testimony would have been damaging to Kane's case. Therefore, it is evident that any failure to discover further the witness's knowledge of the events was not prejudicial to Kane's case.

V. *Disposition.* Our review of the record indicates that Kane failed to preserve error concerning alleged improper

communications between the trial court judge and jury. Otherwise, even assuming error occurred, applicant suffered no prejudice as a result of the error. Kane's other assigned errors are found to be without merit. We, therefore, vacate the decision of the court of appeals and affirm the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.