# IN THE COURT OF APPEALS OF IOWA

No. 13-0024
Filed October 1, 2014

**PEDRO PEREZ-FUENTES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Marshall County, Michael J. Moon, Judge.

Applicant appeals the district court decision denying his request for postconviction relief from his conviction for first-degree murder. **AFFIRMED.**

Darrell G. Meyer, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Jennifer Miller, County Attorney, and Daniel J. Gonnerman, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., Bower, J., and Sackett, S.J.*

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**SACKETT, S.J.**

Pedro Perez-Fuentes appeals the dismissal of his application for postconviction relief (PCR). He seeks a new trial following his 2006 conviction of first-degree murder in the death of Laurie Reyes.[1] Perez-Fuentes contends the deficient performance of his trial, appellate, and PCR counsel denied him his constitutional right to representation.

We review ineffective-assistance-of-counsel claims de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

> "To prove ineffective assistance of counsel, the appellant must show that (1) counsel failed to perform an essential duty, and (2) prejudice resulted." There is a presumption the attorney acted competently, and prejudice will not be found unless there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Id.* Perez-Fuentes must prove both elements by a preponderance of the evidence. *See id.*

The first claim of ineffective assistance counsel concerns trial counsel's failure to object to testimony concerning Perez-Fuentes's arrest and conviction for domestic abuse assault. Although the trial court overruled counsel's motion in limine regarding the evidence, counsel failed to renew the objection at trial, thereby waiving any error. *See State v. Tangie*, 616 N.W.2d 564, 568-69 (Iowa 2000) ("Ordinarily, error claimed in a court's ruling on a motion in limine is waived unless a timely objection is made when the evidence is offered at trial."). The record made before the PCR court shows that after the motion in limine was

---

[1] That conviction was affirmed by this court in *State v. Perez-Fuentes*, No. 06-1465, 2007 WL 4191962, at *1 (Iowa Ct. App. Nov. 29, 2007).

overruled, counsel made the strategic decision to not object to the evidence at trial in order to avoid drawing attention to it. This strategic decision does not amount to a breach of an essential duty. *See Kane v. State,* 436 N.W.2d 624, 627 (Iowa 1989) ("Improvident trial strategy, miscalculated tactics, or mistakes in judgment do not necessarily amount to ineffective assistance of counsel."). Accordingly, the claim fails. We likewise reject Perez-Fuentes's claim appellate counsel was ineffective in failing to raise this issue on direct appeal.

Perez-Fuentes next claims trial counsel was ineffective in failing to object to the prosecutor's claim during opening statements that Perez-Fuentes told Reyes, "If you are ever with another man, I will kill you and him both." He argues the prosecutor's comment about the statement, which was not introduced at trial, amounts to prosecutorial misconduct. However, trial counsel again testified the choice to not object was a strategic one, designed to avoid drawing unnecessary attention to the statement. Furthermore, the jury was instructed that opening statements do not constitute evidence, and we presume the jury followed that instruction. *See State v. Hanes,* 790 N.W.2d 545, 558 (Iowa 2010). Because Perez-Fuentes has failed to show counsel breached an essential duty that caused him prejudice, his claim fails.

We next consider Perez-Fuentes's claim trial counsel was ineffective in failing to object to the State's expert's testimony regarding Reyes's cause of death and who killed her. Specifically, the State's forensic pathologist testified the manner of Reyes's death was homicide. However, the expert did not testify as to who committed the homicide or comment on Perez-Fuentes's guilt. Trial

counsel did not have a duty to object to this testimony, which was admissible. *See State v. Akright*, 506 N.W.2d 465, 468 (Iowa Ct. App. 1993) (holding counsel had no duty to object to the State Medical Examiner's testimony that a child died as a result of starvation "in the form of child neglect" because the witness did not testify as to the defendant's guilt or state the child was the victim of "felony child endangerment," the underlying felony in the defendant's felony-murder conviction). Counsel was not ineffective in failing to object.

Perez-Fuentes also claims PCR counsel was ineffective in failing to obtain a ruling on the admissibility of hearsay statements offered by "various" State witnesses. He makes no claim as to how the outcome of the PCR hearing would have been different had counsel directed the PCR court to this issue. Accordingly, he has failed to prove PCR counsel was ineffective.

Finally, after this case was transferred to our court, Perez-Fuentes filed a motion seeking to have one issue raised in a supplemental pro se brief considered in this appeal. That issue concerns trial counsel's failure to request a jury instruction on suicide. We deny the motion. However, had the issue been considered, we find it would not have been meritorious.

For the reasons stated herein, we affirm.

**AFFIRMED.**