## IN THE COURT OF APPEALS OF IOWA

No. 16-0898
Filed September 13, 2017

**RAYMOND LEE BRODENE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.

Applicant appeals the district court's decision denying his application for

postconviction relief on the ground it was untimely.  **AFFIRMED.**

Christine E. Branstad of Branstad Law, P.L.L.C., Des Moines, for

appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee.

Considered by Vogel, P.J., Potterfield, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**GOODHUE, Senior Judge.**

Raymond Lee Brodene's sixth application for postconviction relief (PCR) was dismissed pursuant to the State's motion for summary disposition. Brodene appeals. We affirm.

## I. Factual and Procedural Background

Brodene was convicted of first-degree murder in 1990. Brodene appealed, and the conviction was affirmed. *State v. Brodene* (*Brodene I*), 493 N.W.2d 793, 798 (Iowa 1992). Brodene has filed five previous requests for PCR. Each has been denied, but the fourth PCR action was appealed and is most relevant to the current one. *See Brodene v. State* (*Brodene III*), No. 11-0837, 2012 WL 5356036 (Iowa Ct. App. Oct. 31, 2012). The facts concerning the underlying crime are set out in the two appellate cases cited and need not be repeated here. Suffice it to say that in *Brodene I*, our supreme court said that although impeachment testimony offered by Brodene was erroneously denied, it was considered a harmless error because "other clear evidence overwhelmingly established Brodene's guilt." 493 N.W.2d at 797. This sixth PCR filed by Brodene was dismissed on the State's motion for summary judgment.

## II. Error Preservation

The State does not contest error preservation.

## III. Standard of Review

The trial court sustained the motion for summary judgment on the basis there was no material factual dispute. The undisputed facts reveal the three-year statute of limitations applicable to PCR actions had run. In addition, the "all inclusive grounds" requirement applicable to PCR proceedings makes all

subsequent PCR actions problematic, and the application of res judicata as a bar to any issue previously resolved further limits any claim Brodene can make. *See* Iowa Code §§ 822.3, .8 (2015). The interpretation of the applicable statutory provisions relating to PCR is for errors of law. *Kane v. State*, 436 N.W.2d 624, 626 (Iowa 1989).

## IV. Discussion

Brodene's request for relief raises a failure of the State to test the bloody currency handled by Brodene after the murder. Brodene asserts a DNA test would have established the blood to have been his rather than the victim's. Not only was the same issue raised in the fourth PCR action, but the appellate court reviewing it noted the district court had stated that even if the blood was determined to be Brodene's, "[t]his evidence would not exonerate him, rather it would further implicate his involvement in the crime." *Brodene III*, 2012 WL 5356036, at *1.

Brodene has also raised the issue of his competency at the time of his trial, but that issue was previously raised in his second PCR application, and even then, the three-year statute of limitations had run. *See Brodene v. State* (*Brodene II*), No. 98-1982, 2000 WL 145037, at *2 (Iowa Ct. App. Feb. 9, 2000). Brodene's claims fail because they have already been considered and decided adversely to his present claim. The three-year statute of limitations within which to bring a claim has long ago expired, and the requirement that a PCR be all inclusive is also applicable.

Brodene alleges, in particular, his fifth PCR counsel was ineffective because counsel allowed the PCR to be dismissed under Iowa Rule of Civil

Procedure 1.944. Brodene had no valid claim on December 3, 2012, when that action was filed for the same reasons the current PCR action does not state a valid claim. Prejudice, as well as a failure to perform an essential duty, must be shown to establish an ineffective assistance of counsel claim. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). To the extent Brodene claims ineffective assistance of appellant counsel, generally an ineffective assistance of counsel claim must impact the underlying case in which the petitioner was convicted to the extent the ineffective assistance of trial counsel claim would have likely changed its outcome. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (noting in a claim of ineffective assistance of PCR counsel, an applicant must "identify how competent representation probably would have changed the outcome"). The decision of the trial court is in all respects affirmed.

**AFFIRMED.**