**IN THE COURT OF APPEALS OF IOWA**

No. 17-1703
Filed December 19, 2018

**THOMAS KANE,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Susan Christensen, Judge.

A petitioner appeals the dismissal of his application for postconviction relief.

**AFFIRMED.**

Christopher J. Roth of Forney Roth, LLC, Omaha, Nebraska, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Thomas Kane appeals the district court's denial of his application for postconviction relief (PCR). He claims the PCR court erroneously determined his application is time-barred. We review ineffective-assistance-of-counsel claims de novo. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).

In January 1981, Kane was convicted of murder in the first degree for a 1980 killing. Our supreme court affirmed his conviction on direct appeal, with procedendo issuing on March 12, 1982.[1] He filed this application for PCR on June 20, 2017. Ordinarily, an application for PCR is time-barred if it is not filed within three years of the date procedendo issues. *See* Iowa Code § 822.3 (2017). However, Kane argues this limitation does not apply here because he has raised a ground of "law that could not have been raised within the applicable time period." *Id.*

At Kane's trial, the jurors were instructed to determine whether he was guilty of murder in the first degree before considering less serious charges. He argues our supreme court recently questioned the legality of such acquittal-first instructions and this decision presents a new ground of law to overcome the three-year statute of limitations for his application. *See State v. Ambrose*, 861 N.W.2d 550, 556–57 (Iowa 2015). While our supreme court acknowledged in *Ambrose* it had never considered an acquittal-first instruction before, it analyzed the question under an ineffective-assistance-of-counsel framework and rejected the appeal because the defendant experienced no prejudice from the challenged instruction.

---

[1] Our supreme court described the facts behind his conviction in a previous PCR appeal. *See Kane v. State*, 436 N.W.2d 624, 625–26 (Iowa 1989).

*See id.* at 556–59. Thus, *Ambrose* did not present a new ground of law to overcome the time limitation of section 822.3. *See Nguyen v. State*, 829 N.W.2d 183, 188 (Iowa 2013) (finding a claim that was "viewed as fruitless at the time but became meritorious later on" presents a new ground of law to proceed under section 822.3). We therefore affirm the denial of Kane's PCR application without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**