# IN THE COURT OF APPEALS OF IOWA

————————

No. 24-1703
Filed February 25, 2026

————————

**Ryan Christopher Barnhardt,**
Applicant–Appellant,
v.
**State of Iowa,**
Respondent–Appellee.

————————

Appeal from the Iowa District Court for Boone County,
The Honorable Jennifer Miller, Judge.

————————

**AFFIRMED**

————————

Alexander Smith of Parrish Kruidenier L.L.P., Des Moines, attorney for
appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, attorneys for appellee.

————————

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Chicchelly, J.

1

**CHICCHELLY, Judge.**

Ryan Barnhardt appeals the denial of his application for postconviction relief (PCR) concerning his conviction on seven counts of sexual abuse in the second degree, in violation of Iowa Code section 709.3 (2016) and three counts of sexual abuse in the third degree, in violation of Iowa Code section 709.4. He alleges ineffective assistance of appellate counsel. Upon our review, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

In October 2016, Michigan state law enforcement was made aware of an allegation that Barnhardt sexually abused a minor child. While investigating, Michigan authorities learned Barnhardt had active warrants for his arrest in Iowa. Barnhardt was arrested and transported to the Boone County Jail. The State charged him with seven counts of second-degree sexual abuse and three counts of third-degree sexual abuse.

As part of their investigation, Michigan State Police visited Barnhardt's ex-wife, Kent. Investigators became aware that a trailer on Kent's property was recently purchased by Kent from Barnhardt. Kent consented to the search of the trailer. Inside, law enforcement found several thumb drives, several SD cards, a phone, and a computer. These items were found to contain child sexual-abuse material including videos of Barnhardt performing sexual acts on minor children.

Barnhardt moved to suppress this evidence arguing officers lacked actual and apparent authority to consent to the search. The district court denied Barnhardt's motion to suppress.[1]

After a jury found Barnhardt guilty on all ten counts, he was sentenced to 205 consecutive years of incarceration. Barnhardt appealed. *See State v. Barnhardt*, No. 17-0496, 2018 WL 2230938 (Iowa Ct. App. May 16, 2018). On appeal, Barnhardt's counsel argued that the court erred in three aspects: (1) the district court mistakenly allowed an expert witness to vouch for the credibility of the victims, (2) the district court gave an improper jury instruction, and (3) the district court improperly denied his challenge to strike a juror for cause. *Id.* at *1–5. A panel of our court affirmed Barnhardt's convictions.

Barnhardt filed a PCR application claiming his appellate counsel was ineffective for failing to raise the issue of the denial of his motion to suppress on direct appeal. The PCR court found that Barnhardt failed to establish that his appellate counsel failed to perform his essential duty, and the court denied his PCR application. Barnhardt now appeals.

## STANDARD OF REVIEW

We normally review denials of PCR applications for corrections of errors at law. *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018). However, because ineffective assistance of counsel raises constitutional problems we review those claims de novo. *Trane v. State*, 16 N.W.3d 683, 692 (Iowa 2025).

---

[1] Kent testified at the motion-to-suppress hearing that Barnhardt sold her the trailer prior to his arrest. She was able to produce a bill of sale bearing Barnhardt's signature proving the sale. Based on our review, the district court found her testimony credible in denying the motion to suppress.

## DISCUSSION

Barnhardt contends the PCR court erred in finding that he received effective assistance of appellate counsel. To succeed on an ineffective-assistance-of-counsel claim, a defendant must show by preponderance of the evidence that (1) counsel breached an essential duty (2) and that this breached prejudiced the defendant. *See State v. Smith*, 7 N.W.3d 723, 726 (Iowa 2024). Failing to prove either prong "defeats" the claim. *Id.* This test is also used to decide ineffective-assistance-of-appellate-counsel claims. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

Due to the judgment calls that advocates have to make, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *see also Osborn v. State*, 573 N.W.2d 917, 922 (Iowa 1998) ("Selecting assignments to assert as grounds for reversal is a professional judgment call we are reluctant to second-guess."). Barnhardt has the burden to overcome this strong presumption. *Strickland*, 466 U.S. at 689.

To satisfy the first prong in an ineffective-assistance-of-counsel claim, Barnhardt must prove that his appellate counsel failed to perform an essential duty. *See State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020). Failing to perform an essential duty means that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. And because there was no testimony given in the PCR proceedings to show the thoughts and strategies of appellate counsel, we must review the record to establish whether appellate counsel was derelict in his duties. *See Osborn*, 573 N.W.2d at 922 (Iowa 1998) ("The ultimate test is whether under the entire record and

totality of the circumstances counsel's performance was within the normal range of competency.").

Barnhardt argues his appellate counsel was ineffective for failing to challenge the denial of his motion to suppress on appeal. We disagree. We find that Barnhardt has not sufficiently proven that counsel breached his essential duty and has not overcome the presumption afforded to the appellate counsel's decisions. *See Davis v. State*, No. 18-2073, 2021 WL 592226, at *9–10 (Iowa Ct. App. Jan. 21, 2021) ("An assertion that if the issue [had] been raised on appeal, it would have been successful is not sufficient to establish ineffective assistance of appellate counsel.").

Barnhardt cannot establish his appellate counsel's performance fell below an objective standard of reasonableness. *See Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011). "Highly competent appellate lawyers generally assign only the strongest points and rely on them for reversal. . . . Hindsight [may show the] judgment call . . . was wrong. But this is a far cry from qualifying as ineffective representation." *Cuevas v. State*, 415 N.W.2d 630, 633 (Iowa 1987); *see also Jones v. State*, 479 N.W.2d 265, 272 (Iowa 1991). Appellate counsel is presumed to have acted competently. *Ledezma*, 626 N.W.2d at 142. The search of the trailer was consented to by Kent—the trailer's owner at the time—and the district court determined she had actual and apparent authority to consent to the search. Because Barnhardt cannot establish his suppression issue had merit, we find his appellate counsel was not required to raise it on direct appeal. *See Stonerook v. State*, No. 09-696, 2010 WL 786045, at *4 (Iowa Ct. App. Mar. 10, 2010) (finding an appellate attorney "was not ineffective in failing to raise meritless issues on direct appeal").

Upon our review of the record, we find it was not a breach of an essential duty for counsel to not raise the motion-to-suppress issue.

5

Although the district court referenced Kent's ownership of the trailer, ownership is not itself dispositive of authority to consent to a search. Rather, actual authority turns on whether the consenting party possessed common authority—defined as "mutual use of the property by persons generally having joint access or control for most purposes." *State v. Jackson*, 878 N.W.2d 422, 429 (Iowa 2016) (citations omitted).

The record supports such use here. Kent testified—and the district court expressly credited—that she had purchased the trailer, that it was located on her property, and that it was understood she would have actual access and use of the trailer to store her own belongings as well as Barnhardt's belongings and to sell items on Barnhardt's behalf. Because we have no evidence to show otherwise, we find Barnhardt has not overcome the strong presumption that his appellate counsel provided effective representation.

## CONCLUSION

Because we find Barnhardt's appellate counsel did not breach an essential duty, we conclude that Barnhardt has failed to prove his appellate counsel was ineffective. Accordingly, we affirm the district court's denial of his PCR application in its entirety.

**AFFIRMED.**