STATE of Iowa, Appellee,

v.

George SMITH, Jr., Appellant.

George SMITH, Jr., Appellant,

v.

STATE of Iowa, Appellee.

No. 95–1497.

Supreme Court of Iowa.

Nov. 26, 1997.

Kermit L. Dunahoo and Jeffrey T. Mains of Dunahoo Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Susan M. Crawford and Karen Doland, Assistant Attorneys General, Thomas J. Ferguson, County Attorney, and Ray Walton, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

McGIVERIN, Chief Justice.

Defendant George Smith, Jr., challenges his conviction and sentences for assault with intent to inflict serious injury, in violation of Iowa Code section 708.2(1) (1993), and terrorism, in violation of Iowa Code section 708.6. Defendant claims error by the trial court and postconviction court and ineffective assistance of counsel by trial counsel and postconviction counsel. We find no merit in defendant's claims and therefore affirm.

I. *Background facts and proceedings.* This case stems from events that occurred on July 25, 1993, in a Waterloo park. During an argument, defendant George Smith, Jr., allegedly fired a number of shots from a gun at a group of people. He also shot and injured George McLemore.

Smith was arrested and charged by trial information with willful injury concerning the injury to McLemore, *see* Iowa Code section 708.4, terrorism, *see* Iowa Code section 708.6, and going armed with intent, *see* Iowa Code section 708.8. He also was charged with committing those acts while in possession and control of a firearm, in violation of Iowa Code section 902.7, and being an habitual offender, in violation of Iowa Code section 902.8.

Defendant Smith was charged by separate trial information with several drug-related offenses that allegedly occurred on July 7 and 13, 1993. The drug case against defendant Smith was tried first, and Smith was convicted on all charges in that case.

The jury trial on the shooting-related charges began on January 10, 1995. After hearing the evidence presented, the jury found with regard to the willful injury charge that Smith was guilty of the lesser included offense of assault with intent to inflict serious injury, an aggravated misdemeanor. *See* Iowa Code § 708.2(1). The jury further found that Smith was guilty of the terrorism charge, but not guilty of going armed with intent. Smith was later separately tried on the habitual offender status, and the jury found that he twice previously had been convicted of felony offenses and thus was an habitual offender. *See id.* § 902.8. The trial court sentenced Smith to indeterminate pris-

on terms of two years on the assault conviction and fifteen years on the terrorism conviction, to be served concurrently.

Defendant Smith appealed from the judgment and sentences entered upon his convictions for assault with intent to inflict serious injury and terrorism. While that appeal was pending, Smith applied for, and we granted, a limited remand so that he could file an application for postconviction relief in district court and develop a record to raise several other issues that he claimed occurred before the appeal. *See id.* § 822.3; Iowa R.App. P. 12(g). We also stayed the appeal. An application for postconviction relief was filed and an evidentiary trial held. The postconviction court denied relief to Smith.

We now will consider all issues raised by defendant Smith. Additional facts will be set forth as appropriate in discussing those issues.

II. *Standards of review.* We employ several different standards of review in this case depending upon the issue being addressed.

■ Because defendant's double jeopardy and ineffective assistance of counsel claims involve constitutional questions, our review in connection with those issues is de novo. *See State v. Finnel,* 515 N.W.2d 41, 43 (Iowa 1994) (double jeopardy); *State v. Risdal,* 404 N.W.2d 130, 131 (Iowa 1987) (ineffective assistance of counsel). Similarly, defendant's contention regarding a violation of his right to be present during trial proceedings involves a constitutional claim, so that our review is de novo. *State v. Meyers,* 426 N.W.2d 614, 616 (Iowa 1988). Error necessitates reversal unless we conclude the error was harmless beyond a reasonable doubt. *Id.*

■ We review speedy trial issues for correction of errors at law. *State v. Finn,* 469 N.W.2d 692, 693 (Iowa 1991). We are bound by the district court's findings of fact if supported by substantial evidence. *Id.*

■ We apply an abuse of discretion standard when reviewing the district court's rulings on juror misconduct claims, discovery issues, evidentiary issues in general, and motions for new trial based on newly-discovered evidence. *State v. Cullen,* 357 N.W.2d 24, 27 (Iowa 1984) (juror misconduct); *State v. Gates,* 306 N.W.2d 720, 725 (Iowa 1981) (discovery); *State v. Barrett,* 445 N.W.2d 749, 750–51 (Iowa 1989) (evidentiary rulings); *State v. Jefferson,* 545 N.W.2d 248, 249 (Iowa 1996) (newly-discovered evidence).

III. *Issues raised by defendant.* A. *Issues raised prior to sentencing.* Defendant Smith challenges several aspects of his trial for assault with intent to inflict serious injury and terrorism and the habitual offender trial.

■ 1. *Trial for assault and terrorism.* a. *Speedy trial issue.* Prior to the start of trial, defendant Smith filed a motion to dismiss, claiming that his right to a speedy trial was violated. Defendant contends the district court erred in overruling that motion. Defendant had not waived his right to a speedy trial.

Iowa Rule of Criminal Procedure 27(2)(b) provides:

> If a defendant indicted for a public offense has not waived his right to a speedy trial he must be brought to trial within ninety days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

This rule also applies to charges brought by trial information. *See* Iowa R.Crim. P. 5(5); *State v. Clark,* 351 N.W.2d 532, 534 (Iowa 1984). Thus, a case not brought to trial within ninety days after indictment or filing of the trial information must be dismissed unless: (1) the defendant waived his right to a speedy trial; (2) the delay is attributable to the defendant; or (3) there is good cause for the delay. *Finn,* 469 N.W.2d at 694.

The trial information in defendant Smith's case was filed on August 17, 1994. Smith's trial began on January 10, 1995, 146 days after the filing of the trial information and 56 days beyond the ninety-day period mandated by Iowa Rule of Criminal Procedure 27(2)(b). Twenty-one days of that delay were attributed to Smith by the trial court because Smith requested a new lawyer shortly before the date originally set for trial. While Smith does not challenge that twenty-one-day de-

lay, he contends the additional thirty-five-day delay does not comport with the requirements set forth in rule 27(2)(b).

We believe, contrary to Smith's argument, that there is substantial evidence supporting the district court's determination of good cause for the delay in commencing trial in this case. Both the trial on the drug charges and the trial for assault and terrorism were scheduled to begin on the same day within the ninety-day period after the trial information was filed, and Smith filed a motion indicating his preference that the drug case go to trial first. Delay resulting from other proceedings concerning the defendant, such as trial on other charges, is a factor in determining whether good cause exists. *State v. King*, 225 N.W.2d 337, 340 (Iowa 1975). In addition, after completion of the trial on the drug charges, the district court had to schedule hearing on and then consider and rule on a number of pre-trial motions filed by Smith in the assault and terrorism case. Finally, the record shows defendant Smith agreed to the trial date in the assault and terrorism case. A defendant may not claim a violation of his speedy trial rights when he has acquiesced in the trial date set by the district court. *State v. Gansz*, 403 N.W.2d 778, 780 (Iowa 1987).

We find no error by the district court with regard to defendant's speedy trial claim.

■ b. *Availability of witnesses for depositions.* Upon defendant Smith's request, the district court ordered that the State subpoena several of the State's prospective witnesses so that Smith could depose them prior to trial. However, these witnesses did not appear for depositions when scheduled. Although the record does not indicate why the witnesses did not appear, the district court found that the State had made reasonable efforts to locate them and noted that they were available later for depositions before trial commenced. Smith contends the State violated discovery orders and that the district court should have suppressed the testimony of the witnesses or dismissed the charges against Smith.

We do not believe the district court abused its discretion in declining to impose sanctions against the State. Without deciding whether the State indeed violated any discovery orders, we conclude that the failure of the witnesses to appear did not prejudice defendant. The witnesses' trial testimony did not deviate from the minutes of testimony. Moreover, Smith was able to cross-examine the witnesses at trial.

c. *Juror misconduct.* Despite the trial court's admonition to the jury not to read any news accounts of the trial, one juror read such an account during a weekend recess from deliberations. The newspaper article read by the juror was factual and mentioned the drug charges against defendant Smith. Smith claims the trial court should have ordered a new trial because of this incident.

■ We have articulated a three-part test to determine whether a jury verdict must be impeached because of juror misconduct:

> First, the evidence from the jurors must consist only of objective facts as to what actually occurred in or out of the jury room bearing on misconduct. Second, the acts or statements complained of must exceed tolerable bounds of jury deliberation. Third, and finally, it must appear the misconduct was calculated to, and with reasonable probability did, influence the verdict.

*State v. Wells*, 437 N.W.2d 575, 580 (Iowa 1989).

■ In this case, even assuming the first two prongs of the test have been satisfied, the record does not support the third prong of the test. Upon learning of the juror's conduct, the jury foreperson reminded that juror that she should not consider the material. The newspaper article was not discussed by the jury as a whole. There is no indication that the juror's acts were calculated to, or did, influence the verdict. *See State v. Misner*, 410 N.W.2d 216, 221 (Iowa 1987) (concluding motion for mistrial was properly denied where there was no evidence juror's reading of news account "was calculated to or in fact did influence the jury's verdict").

■ d. *Trial court responding to questions from jury without defendant being present.* During its deliberations, the jury sent out four questions to the court. The first question was whether a particular exhib-

it had been admitted as evidence. The second and third questions were requests for a transcript of the testimony of several witnesses. The last question was a request for a transcript of all testimony. Defense counsel was present when the court answered all four questions, but defendant Smith was present only when the court answered the fourth question. In response to the first question, the court answered that the exhibit in question had been admitted as evidence. In response to the second and third questions, the court stated that the transcript could not be provided. In connection with the last question (the request for a transcript of all testimony), defendant argued that no testimony should be resubmitted to the jury. The court advised the jury that a transcript could not be supplied.

Defendant Smith contends the court's response to the first three questions, while Smith was not present, violated the defendant's constitutional and statutory right to be present at every stage of his trial. *See* U.S. Const. amend. VI; Iowa R.Crim. P. 18(5)(g). He points out that his absence during the court's response to the jury's questions creates a presumption of prejudice. *See Meyers,* 426 N.W.2d at 616. However, reversal is not required if the record shows beyond a reasonable doubt that there was no prejudice to defendant. *Id.*

Our de novo review of the record in this case reveals no prejudice to defendant Smith. The court could not have given any other answer to the first question. The second, third, and fourth questions were requests for a transcript of testimony. With regard to the fourth question, defendant resisted the resubmission of the testimony to the jury, and the court's answers to the second and third questions were in accordance with the defendant's position on the fourth question. We conclude that any error was harmless beyond a reasonable doubt.

e. *Double jeopardy question.* Prior to sentencing, defendant filed a motion for new trial and in arrest of judgment raising a double jeopardy issue. The district court overruled the motion.

■ Defendant Smith claims that separate sentences for assault with intent to inflict serious injury and terrorism violate his rights under the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. *See* U.S. Const. amend. V. Among other things, that provision protects defendants against multiple punishments for the same offense. *State v. Perez,* 563 N.W.2d 625, 627 (Iowa 1997); *Finnel,* 515 N.W.2d at 43 (citing *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 194 (1977)). However, multiple punishments can be assessed after a defendant is convicted of two offenses that are not the same. *State v. McKettrick,* 480 N.W.2d 52, 57 (Iowa 1992).

■ Upon our de novo review, we believe that the facts of this case do not implicate the Double Jeopardy Clause. The record shows that the sentences imposed on defendant Smith for assault with intent to inflict serious injury and terrorism were not based on the same act by Smith. According to testimony at trial, Smith not only fired a gun generally into a crowd of people, but also purposely pointed the gun directly at, and shot, victim McLemore after McLemore made eye contact with Smith. The charge in the trial information, conviction, and sentence for terrorism were based on Smith's act of firing his weapon into a group of people with the intent to injure or provoke fear or anger in those people. *See* Iowa Code § 708.6. In contrast, the charge in the trial information, conviction, and sentence for assault with intent to commit serious injury arose out of a separate act—Smith's firing the gun directly at McLemore with the intent to seriously injure him. *See id.* § 708.2(1). Because the sentences imposed on Smith were based on two distinct acts, there is no double jeopardy problem.

■ 2. *Admission, during habitual offender trial, of evidence of prior convictions.* At the later trial concerning defendant Smith's habitual offender status, the court admitted Smith's statement to the judge, made during the earlier trial on the drug charges, that he twice previously had been convicted of felony offenses. Smith contends that statement was improperly admitted because he was not advised, at the time he

made the statement, that the statement would be admissible in subsequent cases.

The use of a party-opponent's admission against interest in a prior proceeding is permitted by the rules of evidence. *See* Iowa R. Evid. 801(d)(2). Smith's statement admitting to prior felony convictions is an admission against his interest. We now determine whether, as Smith urges, his statement is inadmissible in subsequent proceedings because the trial court in the drug case failed to warn him of the statement's possible later use.

Smith argues that when the trial court accepted his statement during the drug trial, the court should have followed the procedure used in connection with guilty pleas, including warning the defendant of the statement's possible later use. *See State v. Brady,* 442 N.W.2d 57, 58 (Iowa 1989); *cf.* Iowa R.Crim. P. 8(2)(b). However, we have suggested that the trial court need warn only of direct consequences of a guilty plea. *See Brady,* 442 N.W.2d at 59. The trial court has no obligation to warn defendant of any enhanced punishment in connection with a subsequent criminal conviction. *State v. Kramer,* 235 N.W.2d 114, 116 (Iowa 1975).

We reject defendant's argument and find no abuse of discretion in the trial court's admission of Smith's statement as evidence in the habitual offender status trial of the present charges.

B. *Issues raised after sentencing and presented to the postconviction court.* After defendant's conviction and sentencing on the assault and terrorism charges, defendant appealed. Defendant then filed an application for limited remand, *see* Iowa R.App. P. 12(g), so he could file an application for postconviction relief. The application specified certain issues defendant Smith desired to raise. The application also noted that if the district court rejected defendant's request for postconviction relief, that ruling could "be expeditiously appealed by consolidation of the two appeals." *See State v. Todden,* 364 N.W.2d 195, 198 (Iowa 1985) (involving consolidation of direct appeal and appeal from postconviction ruling). However, our order granting a limited remand stated: "[u]pon a determination of the postconviction proceedings, the appeal will proceed."

█ Upon our grant of a limited remand, defendant Smith filed an application for postconviction relief in district court. After an evidentiary hearing and adverse decision, Smith now raises several issues from the postconviction court's ruling. The State contends Smith should have filed a separate notice of appeal from the postconviction court's ruling. Smith contends he intended to appeal and that no separate follow-up notice of appeal from the postconviction ruling was necessary because our appellate court retained jurisdiction during the remand.

We agree with the State that in cases where a defendant has a direct appeal pending and wishes also to appeal a postconviction ruling, a separate notice of appeal from the postconviction ruling should be filed. Thereafter, the appeals may be consolidated for purposes of argument and submission. Here, the wording of our order for limited remand may have led to some uncertainty as to the necessity for a separate notice of appeal from the postconviction ruling. We, therefore, conclude under this record that we retained jurisdiction to consider all issues, including those on which the postconviction record was developed. *Cf. State v. Anderson,* 308 N.W.2d 42, 46 (Iowa 1981) (noting that delayed appeals have been granted under circumstances showing a defendant intended to appeal but appeal was not technically perfected). Thus, we proceed to address the postconviction relief issues Smith now raises.

1. *Ineffective assistance of trial counsel.* Defendant Smith alleges ineffective assistance of trial counsel based on the following: (1) failure to investigate adequately or seek appointment of an investigator; (2) failure to request that voir dire and closing statements be recorded; (3) failure to object to testimony concerning gangs; and (4) failing to request a mistrial or replacement of a juror after the juror reported a phone threat to a family member. The postconviction court determined that Smith's trial counsel was not ineffective.

In order to show ineffective assistance of counsel, defendant must establish that counsel failed to perform an essential duty and prejudice resulted. *Taylor v. State,* 352 N.W.2d 683, 685 (Iowa 1984). Prejudice may be established by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citing *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674, 699 (1984)).

■ Our de novo review does not disclose the ineffective assistance of counsel claimed by Smith. Although Smith argues that defense counsel did not investigate potential defense witnesses, the record shows that counsel made reasonable attempts to locate the witnesses based on the names and addresses provided by defendant and the police reports. The statements given to the police by some of the potential witnesses indicate they did not see defendant at the scene of the shooting. However, the testimony of those witnesses would not have supported defendant's trial theory of the case; defendant claimed that although he was present at the park during the shooting, he was not involved in the crime. Thus, there is no showing that counsel breached his duty or that there was prejudice to defendant.

■ Smith has not shown a breach of duty or resulting prejudice in connection with counsel's decision not to request a record of voir dire or closing statements. He claims that some jurors knew the State's witnesses and were biased against Smith. The record shows, however, that counsel's decision not to challenge those jurors was a strategic one that was made with Smith's participation.

■ Smith's claim that trial counsel should have objected to evidence and comments concerning street gangs has no merit. The State's evidence that Smith's actions were related to gang activities was relevant to establishing his motive, intent, and lack of mistake in firing his weapon. Similarly, the State's references to that evidence in closing arguments were not improper. We conclude that under Iowa Rule of Evidence 403, the probative value of the evidence of gang activ-

ity was not outweighed by the danger of unfair prejudice to defendant.

■ Finally, we discern no breach of duty or prejudice resulting from trial counsel's failure to request a replacement for a juror whose brother had received a threatening phone call. The juror testified that he would be able to decide the case solely on the basis of the evidence; thus, there is not a reasonable probability that the outcome of the trial would have been different had counsel sought an alternate juror.

We conclude that defendant has not established ineffective assistance by his trial counsel.

*2. Refusal of postconviction court to grant new trial on basis of newly-discovered evidence.* Defendant Smith contends the postconviction court acted improperly in refusing to grant his motion for a new trial on the basis of alleged new evidence provided by two witnesses. These new witnesses testified at the postconviction relief hearing that they did not see Smith at the park during the shooting and that an unknown individual had fired the gun.

■ A motion for new trial on the basis of newly-discovered evidence should be granted if the evidence in question "(1) was discovered *after* the verdict, (2) could not have been discovered earlier in the exercise of due diligence, (3) is material to the issues in the case and not merely cumulative, and (4) probably would have changed the result of the trial." *Jefferson,* 545 N.W.2d at 249. In this case, the third and fourth prongs of that test are relevant.

■ The postconviction court determined that the alleged newly-discovered evidence was cumulative and would not have changed the outcome of the trial. We find no abuse of discretion in that determination. Several witnesses had testified at trial that an individual other than Smith fired the shots; the testimony of the new witnesses therefore was cumulative. Regarding a probable change in the outcome of the trial, there also was strong evidence presented at trial concerning Smith's firing of the gun. In addition, the testimony of the two witnesses was not consistent with defendant's theory of the case.

As noted in subdivision III–B–1, defendant's theory at trial was that he claimed he was present at the park during the shooting but did not fire a gun. Given the evidence presented and the theory advanced by defendant, there is little chance the alleged newly-discovered evidence would have changed the result of the trial.

 3. *Prosecutorial misconduct.* At trial, a witness for the State, Rodney Berry, gave testimony that was inconsistent with that of his earlier deposition. Because the State agreed that it would later reconsider its recommendation concerning Berry's sentence on a felony charge in exchange for Berry's truthful testimony at Smith's trial, Smith claims prosecutorial misconduct. Smith claims the postconviction court should have granted him a new trial for that reason. He further claims that his trial counsel was ineffective because counsel failed to move for a mistrial, move to strike Berry's testimony, or request a jury instruction that making sworn contradictory statements is a crime.

Because there has been no showing that Berry's trial testimony was false, we reject Smith's claim of prosecutorial misconduct. The State's agreement with Berry was disclosed to defense counsel before trial and to the jury at trial. Counsel was able to cross-examine Berry about his changed testimony, so that the jury was aware of the inconsistencies. Also, Smith's trial counsel was partially successful, resulting in an acquittal on one charge and conviction on a lesser included offense on another count.

We believe the postconviction court did not err in denying the relief requested by Smith.

IV. *Issues preserved for another postconviction relief proceeding.* Defendant Smith additionally contends his postconviction counsel was ineffective in three respects: (1) failing to adequately investigate allegations in the application for postconviction relief concerning the agreement between the State and witness Rodney Berry and concerning some jurors' familiarity with some State's witnesses; (2) failing to appear at depositions of Smith's trial counsel and the prosecuting attorney; and (3) failing to seek the recusal of the judge who presided over the postconviction relief proceeding.

Because the record is not adequate to evaluate these claims, they are preserved for another postconviction relief proceeding. *See Dunbar v. State,* 515 N.W.2d 12, 15 (Iowa 1994) (stating that this court may preserve ineffective assistance of counsel claims for a later postconviction proceeding if defendant states claims with specificity); *McKettrick,* 480 N.W.2d at 56 ("We usually preserve [ineffective assistance of counsel] claims for postconviction relief proceedings where an evidentiary record may be developed and a hearing held on counsel's alleged errors."); *State v. White,* 337 N.W.2d 517, 519–20 (Iowa 1983) (holding that defendant made inadequate showing to support preservation of ineffective assistance of counsel claims for postconviction proceeding). The State agrees with this disposition.

V. *Disposition.* We affirm the judgment and sentences entered by the district court upon defendant Smith's convictions of assault with intent to inflict serious injury and terrorism.

**AFFIRMED.**