# IN THE COURT OF APPEALS OF IOWA

No. 14-1075
Filed October 14, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRISTOPHER NICHOLAS MONTINGUISE,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Carol S. Egly (motions) and Carol L. Coppola (trial), District Associate Judges.

A defendant appeals from a verdict of guilty to a charge of operating while intoxicated and the judgment imposed.  **AFFIRMED.**

Joseph C. Glazebrook of Glazebrook, Moe, Johnston & Hurd, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, John Sarcone, County Attorney, and Maurice Curry, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., Tabor, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

Christopher Nicholas Montinguise appeals from a verdict of guilty to a charge of operating while intoxicated and the judgment imposed.

## I. Procedural Background

Montinguise's appeal is based on his contention that the State failed to timely arraign him. Therefore, only the procedural background, as opposed to the factual background, is relevant.

Montinguise was arrested March 19, 2014. Counsel filed an appearance on March 27 and waived Montinguise's initial appearance and preliminary hearing. On April 24, the State filed a trial information charging him with operating while intoxicated. An expedited arraignment was set for April 30 to be held in the event that Montinguise did not bond out. However, bond was posted almost immediately, and the arraignment was continued to May 19. On May 19 the defendant was not present, so the matter was continued again until June 2. The court order noted the continuance was at defense counsel's request. The defense counsel asserted he only advised the court that Montinguise was incarcerated on a parole violation and was not present. Counsel asserts he did not request a continuance but did not object to it.

On June 1, Montinguise filed a motion to dismiss based on the State's failure to arraign him as soon as practicable as required by Iowa Rule of Criminal Procedure 2.8. The motion was overruled summarily, but Montinguise filed a motion to enlarge. The trial court responded to the motion with an order that left the motion to dismiss overruled.

On June 2, the arraignment was continued to June 9. Montinguise was finally arraigned on June 11—forty-eight days after the trial information had been filed. Montinguise had been placed in the Newton Correctional Facility for a parole violation immediately after his arrest on the driving while intoxicated charge. He contends the State was obligated to transport him and it failed to do so on a timely basis, thus delaying his arraignment. Travel orders were given with the June 2 order, and Montinguise was transported to Polk County for his arraignment. On June 27 he entered a plea of not guilty, waived a jury trial, stipulated to the minutes attached to the trial information, and was found guilty and sentenced accordingly.

## II. Error Preservation

Montinguise filed a motion to dismiss and a motion to enlarge raising the issues of the delayed arraignment, and the court ruled on the motions, thereby preserving error. *See Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012).

## III. Scope of Review

Speedy-trial issues are reviewed for corrections of errors at law. *State v. Smith*, 573 N.W.2d 14, 17 (Iowa 1997).

## IV. Discussion

The right to a speedy trial is guaranteed by the United States Constitution as well as the Constitution of the State of Iowa. U.S. Const. amend. IV; Iowa Const. art I, § 10. Iowa has set out time limitations on the various steps of a criminal prosecution to facilitate that right. Absent waiver or a good-cause exception, a party must be indicted or informed against within forty-five days of his arrest and brought to trial within ninety days after indictment, and a failure to

do so results in dismissal. Iowa R. Crim. P. 2.33(2)(a), (b). The triggering events are the arrest and the filing of the indictment or trial information. The rules only provide that the arraignment must be conducted "as soon as practicable." Iowa R. Crim. P. 2.8(1).

Montinguise asks the supreme court to set a definite time after the filing of an indictment or trial information in which an arraignment must be held, but it is not clear how such a rule would favorably impact the right to a speedy trial. It is true, as he contends, the time for taking depositions, filing dispositive motions, and filing a bill of particulars are controlled by the arraignment. Iowa Rs. Crim. P. 2.11(4)-(5), 2.13(6). The arraignment does not control when such acts can proceed but only when they must be completed. To expedite the arraignment, cutting off those rights more quickly would generally be prejudicial and not helpful to an accused. The only effect the arraignment has on the speedy-trial right is that a defendant must be tried within one year after arraignment, unless there is good cause for an extension. Iowa R. Crim. P. 2.33(2)(c). Before that rule becomes applicable, it is almost certain the speedy-trial rights triggered by the arrest and the filing of an indictment or information have been waived by the accused. Also, the appellant ignores the reality that an accused represented by counsel, as the defendant was in this case, has control over expediting an arraignment by filing a written arraignment. Iowa R. Crim. P. 2.8(1). All that is required or needed to proceed with the written arraignment is the filing of the trial information.

Montinguise contends that in any event his case should have been dismissed because the arraignment was not conducted as soon as practicable.

This contention ignores the fact that he was represented by counsel within two weeks of his arrest and had the right to file a written arraignment as soon as the trial information was filed. Clearly the trial information was filed within the forty-five days permitted by rule. If he wanted to be present it was not practicable for him to be arraigned since he was in the Newton Correctional Facility and the charge was pending in Polk County. Montinguise has not pointed out why it was incumbent on the State to immediately transport him for an arraignment or why he was prejudiced by any delay.

The purpose of the speedy-trial right is to remove the anxiety associated with a suspended prosecution, to avoid possible impaired or diminished memories, and to prevent the loss of exculpatory evidence. *State v. Wing*, 791 N.W.2d 243, 246-47 (Iowa 2010). Needless to say, if the accused cannot post bond or be released on his own recognizance, there is another more compelling reason for a speedy trial.

Filing the trial information or indictment is the triggering event that means discovery and depositions can begin and motions can be filed. The arraignment is a point in the proceeding that limits the time after which motions may be made, depositions taken, bill of particulars filed, and et cetera. It does not control when such items can be initially taken.

The time of arraignment does not ordinarily impinge on an accused's speedy-trial rights and it clearly did not in this case. We affirm defendant's conviction for operating while intoxicated.

**AFFIRMED.**