# IN THE COURT OF APPEALS OF IOWA

No. 18-0624
Filed March 20, 2019

**COREY ALLEN TROTT,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Calhoun County, William C. Ostlund,

Judge.

        Applicant appeals his denial for postconviction relief.  **AFFIRMED.**

        Joel Baxter of Wild, Baxter & Sand, PC, Guthrie Center, for appellant.

        Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee State.

        Considered by Vogel, C.J., and Vaitheswaran and Mullins, JJ.

**VOGEL, Chief Judge.**

Corey Trott appeals the denial of his application for postconviction relief (PCR). He raises multiple ineffective-assistance-of-counsel claims against his trial counsel, appellate counsel, and PCR counsel. In addition, Trott's pro se brief raises various other issues. We affirm the denial of PCR and preserve some of the ineffective-assistance claims for further postconviction proceedings.

## I.     Background Facts and Proceedings

On September 8, 2013, Trott allegedly assaulted his mother at his home. Officers arrived to the home and when they tried to go into the residence, Trott shot at and killed one officer. In September 2014, Trott was found guilty of first-degree murder and was sentenced to life imprisonment without parole. Trott appealed his conviction to our court where he asserted his right to counsel was violated and argued the motion to suppress his statements made to law enforcement should have been granted. *State v. Trott*, No. 14-1608, 2015 WL 9450670, at *1 (Iowa Ct. App. Dec. 23, 2015). We affirmed the conviction and concluded Trott failed to preserve the right-to-counsel issue. *Id.* at *8. We further stated, "Trott's right to remain silent was scrupulously honored and he knowingly and voluntarily waived the right [to remain silent]." *Id.*

Trott then filed an application for PCR in December 2016. A hearing was held on January 4, 2018. The district court denied Trott's application on March 7, 2018. Trott appeals.

## II.     Standard of Review

"A claim of ineffective assistance of counsel requires a de novo review because the claim is derived from the Sixth Amendment of the United States

Constitution." *Bowman v. State*, 710 N.W.2d 200, 204 (Iowa 2006). To prevail on an ineffective-assistance-of-counsel claim, the claimant must show counsel failed to perform an essential duty and such failure resulted in prejudice. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Both must be proven by a preponderance of the evidence. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

## III.	Ineffective Assistance by Trial Counsel During Jury Selection

Trott first asserts his trial counsel provided ineffective assistance when trial counsel allowed two allegedly biased jurors to remain on the jury. The State argues trial counsel had no duty to make challenges for cause because neither juror had a fixed opinion. Also, the State argues Trott cannot establish prejudice because he does not show how the verdict would change with two different jurors.

Trott argues the two jurors were biased because each were related to a law enforcement officer. One juror's brother was a deputy sheriff, so trial counsel engaged in further questioning:

> [TRIAL COUNSEL]: Now, having your brother as a law enforcement officer, will that color your perception of this case; or do you think you can be fair and impartial? Do you think that makes any difference?
> PROSPECTIVE JUROR [B]: I think it makes a difference whereas it came to my front door. I mean, I just never realized his job was so—so hard. You know what I mean? I didn't know he could just lose his life as easy as this. That's the only thing that I think of because he was on the SWAT team; he did all of the stuff you talked about earlier. But now, as far as myself, I can't imagine.
> [TRIAL COUNSEL]: Do you think you can be fair and impartial to [Trott] and hold the State to its burden?
> PROSPECTIVE JUROR [B]: Right.
> [TRIAL COUNSEL]: Regardless of your brother's status?
> . . . .
> PROSPECTIVE JUROR [B]: Yes.

The second juror had a son who had recently graduated from the police academy but had not become active yet. When trial counsel asked if the juror could still be fair and impartial, the juror responded, "I do believe I can be."

At the PCR hearing, trial counsel testified that he did not make any challenges for cause regarding the two jurors and agreed if he had, the makeup of the jury would have differed; however, he stated, "I don't know if it would have made a significant difference or not." Also, he testified he did not use preemptory strikes on the two jurors because each stated they could be fair and impartial. In the PCR denial, the district court found Trott had not shown he was prejudiced by trial counsel's failure to strike the two jurors at issue.

For the first requirement of the ineffective-assistance claim, "counsel's performance is measured 'against the standard of a reasonably competent practitioner with the presumption that the attorney performed his [or her] duties in a competent manner.'" *Straw*, 709 N.W.2d at 133 (quoting *State v. Dalton*, 674 N.W.2d 111, 119 (Iowa 2004)). Counsel may pursue removal of a potential juror for cause if said juror has "formed or expressed such an opinion as to the guilt or innocence of the defendant as would prevent the juror from rendering a true verdict upon the evidence submitted on the trial." Iowa R. Crim. P. 2.18(5)(k). In order to show counsel breached an essential duty, Trott must show the jurors "held a fixed opinion of the merits of the case such that he [or she] could not judge impartially the guilt or innocence of the defendant." *State v. Hardin*, 498 N.W.2d 677, 682 (Iowa 1993).

Despite being related to law enforcement officers, both jurors stated the relationship would not inhibit their ability to be fair and impartial. At the PCR

hearing, trial counsel testified the juror's statements convinced him that removal was not necessary. We agree with the district court that the record shows the jurors could be fair and impartial. Therefore, trial counsel did not breach an essential duty by not striking the jurors, and we affirm the PCR court on this issue. *See id.*; *see also Ledezma*, 626 N.W.2d at 142 (noting "both elements do not always need to be addressed" by the court because if one element is not met then ineffective assistance has not been shown).

IV.     **Ineffective Assistance by PCR Counsel**

        **A.  PCR Counsel's Failure to Establish a Sufficient Record**

        Trott asserts his PCR counsel's "[f]ailure to provide a sufficient record constitutes ineffective assistance of counsel. That lack of a sufficient record gives rise to a reasonable probability that the outcome of the trial on [Trott's] Application would have been different." Specifically, he claims his PCR counsel failed to do the following: call more witnesses, including the jury members; request the district court take judicial notice of the criminal file; submit the entire transcript of the criminal trial; and submit the interrogation video or the transcript for the video. Also, he argues the record was not sufficient to address his pro se claims. The State also asserts the record is insufficient to grant relief on any of these issues in this appeal.

        "We must now decide whether these claims present grounds which may be addressed in this appeal or preserved for further postconviction proceedings." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). Without a complete record to flesh out Trott's assertions, we are unable to address these issues adequately, and therefore, we preserve this claim for another postconviction-relief proceeding.

*See State v. Smith*, 573 N.W.2d 14, 22 (Iowa 1997) ("Because the record is not adequate to evaluate these claims, they are preserved for another postconviction relief proceeding.").

### B. PCR Counsel's Failure to Raise Issue of Trial Counsel's Failure to Call an Expert

Trott also asserts PCR counsel failed to raise an ineffective-assistance claim against Trott's trial counsel for failing to call an expert witness.[1]  At the PCR hearing, trial counsel was asked why he did not attempt to call an expert witness to opine as to whether the shot that was fired was done at an angle that it could have hit the ground or at an angle that was more likely intended to hit the officer. Trial counsel answered,

> [T]here was never any evidence that I recall of like a ricochet or deflection or something like that and I don't—I mean, the shot came from inside the house, went through a window that had been broken out, hit [the officer], essentially in the neck, as I recall, and I don't—I don't think there was any way to analyze the angle of the shots. . . . I can't imagine that testing could have been done to determine [the angle] and there was no question that the bullet came from inside the house and Corey Trott was the only person inside the house.

"Representation by counsel is presumed competent, and a postconviction applicant has the burden to prove by a preponderance of the evidence that counsel was ineffective." *Jones v. State*, 479 N.W.2d 265, 272 (Iowa 1991).  Trott does not indicate what the expert's testimony would have offered, and based on trial counsel's testimony, it is clear trial counsel did not think expert testimony would have been beneficial.  Therefore, we find Trott has not shown ineffective

---

[1] In his pro se brief, Trott makes a contradictory argument and states "[t]here was no need to use an expert" to prove a lack of intent.

assistance of PCR counsel because he has not shown by a preponderance of the evidence that trial counsel breached an essential duty. *See id.*

## C. PCR Counsel's Failure to Assert Trial Counsel and Appellate Counsel's Failure to Raise Right-to-Counsel Issue

On direct appeal of his conviction, our court declined to address the alleged violation of right-to-counsel claim because Trott did not preserve the claim and he did not assert any ineffective-assistance-of-counsel claims that would allow him to bypass the error preservation requirement. *See Trott*, 2015 WL 9450670, at *5. Now, Trott asserts his trial counsel was ineffective for failing to preserve error on this issue and both his appellate counsel and PCR counsel were ineffective by failing to raise this ineffective-assistance claim. According to Trott, he was read his *Miranda* rights after law enforcement took him into custody. The officer asked him if he understood his rights, to which he replied, "Yes." Then the officer asked, "Having these rights in mind, do you wish to talk to us now?" He replied, "No." He argues the reply, "No," not only invoked his right to remain silent but also invoked his right to counsel, and he claims the later interrogation by law enforcement was a violation of such constitutional right. The State argues the incomplete record does not allow our court to find PCR counsel should have raised this issue, faulting both trial and appellate counsel.

"Improvident trial strategy, miscalculated tactics, and mistakes in judgment do not necessarily amount to ineffective assistance of counsel." *State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992). Thus, "postconviction proceedings are often necessary to discern the difference between improvident trial strategy and ineffective assistance." *State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006).

This claim should be preserved for a further postconviction proceeding, where PCR counsel may explain what issues he determined had merit to pursue post-conviction. *See State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) ("Even a lawyer is entitled to his [or her] day in court, especially when his [or her] professional reputation is impugned."); *see also Smith*, 573 N.W.2d at 22.

## V. Pro Se Claims

In addition to the brief submitted by counsel in this appeal, Trott submitted a pro se brief listing numerous claims, some of which were also raised by counsel. First, Trott asserts his trial counsel was ineffective by failing to strike two juror members that were related to law enforcement officers. This issue was raised by appellate PCR counsel, and we have addressed it above. Second, Trott claims his trial counsel was ineffective for failing to file a notice of self-defense. During the PCR hearing, trial counsel was asked why he did not choose to file the notice. He responded, "I don't think self-defense applies when officers are trying to execute a warrant . . . . I don't think there was any legal ability for [trial counsel] to pursue a self-defense claim." The PCR court found trial counsel had no duty to pursue the self-defense claim because it did not have merit. We agree and affirm that ruling. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise an issue that has no merit.").

Next, Trott claims his trial counsel was ineffective for failing to depose the deputy who testified at trial. Trial counsel testified he was able to voir dire the deputy out of the presence of the jury and then cross-examined him at trial. The PCR court found Trott could not show prejudice because depositions were

permissive and trial counsel was able to voir dire the witness and cross-examine him. We agree and affirm the PCR court's finding.[2]

Trott next claims he received ineffective appellate counsel on direct appeal for two reasons: (1) "counsel failed to address any issues other than the interrogation on direct appeal" and (2) counsel failed to adequately address the motion to suppress ruling. Regarding the first ineffective-assistance claim, Trott does not state what issues his appellate counsel should have raised on direct appeal. Without more on this issue, we must reject this claim as it is too vague for our consideration. *See Dunbar*, 515 N.W.2d at 15 (noting "it is not enough to simply claim that counsel should have done a better job" and requiring the applicant to "state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome"). Regarding the second claim, we previously preserved the claim regarding PCR counsel's failure to establish a sufficient record for further postconviction proceedings. At that time, appellate counsel from direct appeal may also explain his actions.

Finally, Trott asserts his PCR counsel was ineffective for four reasons: (1) counsel did not submit a brief following the PCR hearing, (2) counsel did not submit all relevant evidence for the PCR hearing, (3) counsel failed to petition the PCR court to admit the interrogation video, and (4) counsel failed to adequately address all issues listed in the PCR application. Regarding the first claim, Trott fails to provide any support or show how he was prejudiced. Nevertheless, we preserve

---

[2] Trott raises several other issues, which we find have no merit and we decline to address.

the claim for a further postconviction proceeding. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) (stating our court should preserve an ineffective-assistance claim, "[i]f the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration"); *see also State v. Johnson*, 784 N.W.2d 192, 196–97 (Iowa 2010) (finding when there is an underdeveloped ineffective-assistance claim, "the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim"). Trott's second and third claims relate to PCR counsel's failure to include in the record specific evidence, relevant documents, and the interrogation video. Since we have preserved the issue of PCR counsel's failure to establish a sufficient record, these claims may be addressed at that future proceeding. Trott's final claim is another vague assertion that not all issues were addressed without specifying any unaddressed issue. Therefore, we decline to address this claim as well. *See Dunbar*, 515 N.W.2d at 15.

## VI. Conclusion

We affirm the district court's denial of the PCR application and preserve some of Trott's ineffective-assistance claims for further postconviction proceedings.[3]

**AFFIRMED.**

---

[3] In his reply brief, Trott argues, "At the very least, all of the errors combined in this case amount to a cumulative effect that has deprived Mr. Trott of a fair trial and a fair post-conviction hearing." "[I]f a claimant raises multiple claims of ineffective assistance of counsel, the cumulative prejudice from those individual claims should be properly assessed under the prejudice prong . . . . The court should look at the cumulative effect of the prejudice arising from all the claims." *State v. Clay*, 824 N.W.2d 488, 501 (Iowa 2012). Since we did not reach the prejudice prong for any of Trott's claims, we need not evaluate the cumulative effect of the prejudice.