# IN THE COURT OF APPEALS OF IOWA

No. 18-1645
Filed March 18, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**PAUL A. GARRITY,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling, Judge.

A defendant appeals from a conviction and sentence entered following his plea of guilty. **AFFIRMED.**

Thomas M. McIntee, Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

A defendant appeals from a sentencing order that adopted terms of a plea agreement. On appeal, he argues he received ineffective assistance of counsel and the court erred in accepting his plea of guilty and including a late-fee provision in the sentencing order. We preserve his ineffective-assistance-of-counsel claims for postconviction proceedings with the exception of two of his arguments. We find no violation of defendant's due process rights and reject his protest against the court's imposition of a late-fee provision in the sentencing order. Accordingly, we affirm the conviction and sentence.

**Facts and Procedural Background**

On February 24, 2017, a deputy from the Scott County Sheriff's Office responded to a report of a single vehicle accident. The driver was not initially located at the scene. While the deputy awaited a tow truck, Paul Garrity appeared, smelling of alcohol. Garrity claimed ownership of the vehicle and admitted driving.

Medics arrived and began treating Garrity for a back injury, subsequently transporting him to the hospital. At the hospital, the deputy issued *Miranda* warnings, and Garrity again acknowledged driving the vehicle. The deputy requested Garrity consent to a preliminary breath test, and Garrity declined. The deputy invoked implied consent, and Garrity again refused to provide a sample.

The State filed a trial information in March 2017, charging Garrity with operating a motor vehicle while intoxicated, second offense. Garrity entered a written guilty plea on February 28, 2018, which contained waivers of Garrity's rights to allocution and an in-court colloquy. The court found Garrity's plea had a factual basis and was knowingly, voluntarily, and intelligently made. Acceptance of the

plea was conditioned on confirmation of the agreement at the time of sentencing. In the order setting sentencing the court included the following language:

> Defendant has the right to contest the guilty plea. To contest the guilty plea, defendant must file a motion in arrest of judgment. This motion must be filed within 45 days after the guilty plea but no later than 5 days prior to sentencing (whichever occurs first). If defendant fails to timely file the motion in arrest of judgment, defendant forever waives the right to challenge the plea and attack the plea on direct appeal to the Iowa Supreme Court.

Garrity failed to appear at the April 11, 2018 sentencing hearing and a warrant was issued. Following service of the warrant, a sentencing hearing was scheduled for April 27, 2018. After a continuance at the request of Garrity to allow additional time to finish treatment, sentencing was reset for May 25, 2018. Garrity filed a motion in arrest of judgment on the day of his sentencing hearing.

The court held a combined hearing on August 16, 2018, on the motion in arrest of judgment and sentencing. At the hearing, Garrity asserted that he had intended to plead guilty to only one of three matters he had pending on February 28, 2018. He testified that he understood two of the pending matters to be one and the same and claimed he did not sign a guilty plea on the charge for operating while intoxicated. He also claimed he was unaware of the time limits to file a motion in arrest of judgment. Garrity's counsel related that she "went through" the plea with Garrity "slowly together" and that "[h]e appeared to understand it."

The trial court denied the motion in arrest of judgment because it was not timely filed in accordance with Iowa Rule of Criminal Procedure 2.24 and because the court found the defendant "knowingly, voluntarily, and intelligently waived his rights and entered a valid guilty plea in this matter." The trial court further found that the written guilty plea "was signed by [Garrity] on February 28, 2018."

The court then sentenced the defendant to a term of incarceration and imposed a fine of $1875 plus a thirty-five percent surcharge, along with costs and applicable surcharges. The court's order contained the following statement, which was not present in the guilty plea:

> NOTICE: If Defendant fails to pay the total financial obligation the obligation will be transferred for collection and an additional fee up to 25% of the financial obligation owed may be assessed. The State of Iowa may withhold any State income tax refund, vehicle registration and/or driver's license issuance for unpaid court ordered financial obligations. The State of Iowa may garnish Defendant's wages or other assets possessed by Defendant.

Garrity appeals.[1]

**Standard of Review**

We review ineffective-assistance-of-counsel claims de novo. *Rhoades v. State*, 848 N.W.2d 22, 26 (Iowa 2014). We review a court's actions under Iowa Rule of Criminal Procedure 2.8(2)(b)(2) for substantial compliance. *State v. Weitzel*, 905 N.W.2d 397, 411 (Iowa 2017). "Our review of a claim of error in a guilty plea proceeding is at law." *State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004).

---

[1] Before July 1, 2019, criminal defendants could raise ineffective-assistance-of-counsel claims on direct appeal if they had "reasonable grounds to believe that the record is adequate to address the claim on direct appeal." Iowa Code § 814.7(2) (2018); *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Effective July 1, 2019, the legislature prohibited an appellate court from addressing an ineffective-assistance-of-counsel claim on direct appeal. 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7 (2019)). The Iowa Supreme Court determined this statutory amendment applies prospectively only. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019) ("We conclude the absence of retroactivity language in sections 814.6 and 814.7 means those provisions apply only prospectively and do not apply to cases pending on July 1, 2019."). For that reason, and because this appeal was pending on July 1, 2019, the statutory amendment does not affect this case.

**Discussion**

On appeal, defendant appears to make three arguments.[2]  First, for a variety of reasons, he asserts his trial counsel was ineffective.  Second, he argues he was denied due process rights under the United States and Iowa Constitutions by the court "accepting a plea that was not made intelligently, knowingly, and voluntarily."  His third argument highlights the trial court's failure to inform him of late fees that could result if he became delinquent on payments for court-ordered fines, again alleging a violation of his due process rights under the United States and Iowa Constitutions and a violation of Iowa Rule of Criminal Procedure 2.8.

**I.  Ineffective Assistance of Counsel**

Defendant's ineffective-assistance-of-counsel argument alleges at least five inadequacies: (1) failure to file a motion or motions to suppress evidence, (2) failure to preserve error, (3) failure to timely file a motion in arrest of judgment, (4) allowing the defendant to plead guilty without a colloquy establishing a factual basis, and (5) allowing the defendant to plead guilty without knowledge of the consequences of delinquent payments.

To establish a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Rhoades*, 848 N.W.2d at 28.  A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance.  *See State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

---

[2] We discourage appellants from grouping distinct arguments under the same heading and raising arguments under more than one heading.  These practices impede our efforts to generate opinions that not only resolve the parties' dispute but, just as importantly, are readable by the layperson.

Claims of ineffective assistance of counsel are "ordinarily reserved for postconviction proceedings to allow full development of the facts surrounding counsel's conduct." *State v. Atley*, 564 N.W.2d 817, 833 (Iowa 1997). However, "[a] defendant may raise such a claim on direct appeal if they have 'reasonable grounds to believe that the record is adequate to address the claim on direct appeal.'" *State v. McNeal*, 867 N.W.2d 91, 105 (Iowa 2015) (quoting Iowa Code § 814.7(1)). "We prefer to reserve such questions for postconviction proceedings so the defendant's trial counsel can defend against the charge." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). "This is especially appropriate when the challenged actions concern trial strategy or tactics counsel could explain if a record were fully developed to address those issues." *McNeal*, 867 N.W.2d at 105–06. "It is a rare case in which the trial record alone is sufficient to resolve a claim on direct appeal." *Id.* at 106.

Improvident trial strategy, miscalculated tactics, and mistakes in judgment do not necessarily amount to ineffective assistance of counsel. *State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992). Thus, "postconviction proceedings are often necessary to discern the difference between improvident trial strategy and ineffective assistance." *State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006); *see State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) ("Even a lawyer is entitled to his [or her] day in court, especially when his [or her] professional reputation is impugned."); *see also State v. Smith*, 573 N.W.2d 14, 22 (Iowa 1997).

On our de novo review, we find the record adequate to address two of Garrity's arguments concerning ineffective assistance of counsel. On this record, we address whether Garrity received ineffective assistance of counsel when his

attorney allowed him to plead guilty without an in-court colloquy establishing a factual basis and whether Garrity received ineffective assistance when his attorney allowed him to plead guilty without knowledge of the consequences of delinquent payments.

With respect to the argument that Garrity received ineffective assistance of counsel due to the lack of an in-court colloquy concerning his plea of guilty, we look to Garrity's written plea of guilty. The record contradicts Garrity's argument. His plea of guilty expressly waived the right to be present and participate in an in-court plea colloquy. Having waived this right, he cannot now allege his counsel was ineffective due to the absence of an in-court colloquy. We find that Garrity did not receive ineffective assistance of counsel due to the absence of in an in-court colloquy on this misdemeanor offense.

In framing his argument concerning the late-fee provision, Garrity does not posit that his attorney knew the late fee language would be added and neglected to inform him. Instead, he argues his trial counsel "failed to provide effective assistance of counsel by encouraging [Garrity] to enter a guilty plea and be sentenced without compliance by the Court with Rule 2.8(2)(b) and 2.10."

The late-fee provision was included in the sentencing order. Garrity's counsel therefore had no chance to object prior to the issuance of the order. Because Garrity has not demonstrated his counsel failed to perform an essential duty, we deny his claim of ineffective assistance of counsel concerning the late fee provision.

We find the record inadequate to evaluate the remainder of defendant's ineffective-assistance-of-counsel arguments. We preserve the defendant's

remaining ineffective-assistance-of-counsel claims for a possible future postconviction action.

## II. Due Process and Abuse of Discretion

Garrity's due process argument encompasses the following allegations: (1) the trial court abused its discretion by denying his motion in arrest of judgment, and (2) Garrity's due process rights were violated when the court accepted his guilty plea, as such plea was not intelligently, knowingly, and voluntarily made.

We begin by considering the trial court's denial of Garrity's motion in arrest of judgment. While a defendant must file a motion in arrest of judgment to challenge the adequacy of a guilty plea in order to assert such a challenge on appeal, the Iowa Rules of Criminal Procedure limit a defendant's right to do so. Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."); Iowa R. Crim. P. 2.24(3)(b) ("[Motions in arrest of judgment] must be made not later than 45 days after plea of guilty . . . upon which a judgment of conviction may be rendered, but in any case not later than five days before the date set for pronouncing judgment.").

The written plea contained language that Garrity's plea was voluntarily and intelligently made. The trial court denied the motion in arrest of judgment because it was not timely filed and because the court found "that the defendant knowingly, voluntarily, and intelligently waived his rights and entered a valid guilty plea in this matter." We agree with the trial court's determination that Garrity's motion was untimely. We find no abuse of discretion in the court's denial of the motion in arrest of judgment.

As to Garrity's due process argument, the trial court found on February 28, 2018—the date Garrity submitted his plea—that the plea was knowingly, intelligently, and voluntarily made. To challenge this determination, Garrity needed to comply with the forty-five-day limit set out in rule 2.24(3)(b). He failed to do so. Garrity attacks both his plea and his sentence on due process grounds but fails to differentiate those arguments. Because he waived his right to an in-court colloquy at the time of his plea, his argument that he was denied due process because the trial court "did not engage in a colloquy with the defendant on the record" was waived. We find the dictates of due process were met. The trial court substantially complied with rule 2.8(2)(b), which "codifies" the relevant due process mandate. *State v. Loye*, 670 N.W.2d 141, 151 (Iowa 2003). Given these circumstances, we find no due process violation.

## III. Late-Fee Provision Contained in Sentencing Order

Garrity also attacks the court's imposition of a twenty-five percent penalty to be imposed if Garrity is delinquent on payments of financial obligations assessed at sentencing. Garrity attacks the addition of this late-fee provision as a violation of Iowa Rule of Criminal Procedure 2.8(2) and his due process rights.

We begin by considering whether error on this issue is preserved, an inquiry in which the parties disagree. The State asserts this argument has not been preserved as Garrity "never raised an argument that the district court failed to advise him of a 25% penalty should he be delinquent in paying his fines." While this was not raised, the State's argument obscures the fact that no party had record notice of late-fee penalties in Garrity's case until the written sentencing order. Accordingly, we find this issue to be preserved. This determination is supported

by a line of cases in which Iowa courts have held error preserved out of fairness or because the defendant had no opportunity to preserve error. *See State v. Wilson*, 294 N.W.2d 824, 826 (Iowa 1980) ("In the case at hand, there is no procedure under our existing rules for a defendant to raise the issue at the trial court level. He may not be held to have waived his objection by failing to raise it at the sentencing because he had no way to know then that the judge would leave it out of the subsequent judgment."); *State v. Marti*, 290 N.W.2d 570, 589 (Iowa 1980) (noting that the defendant "had no way of knowing before the court entered the judgment" whether a flaw would exist in the judgment); *see also State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980) (explaining that a court's failure to inform a defendant of procedural requirements will inoculate a defendant's failure to conform with those requirements).

We turn to the substantive issue of whether the late-fee provision contained in the sentencing order violated either rule 2.8(2)(b)(2) or Garrity's due process rights. We analogize defendant's argument as a defect in sentencing procedure, and therefore we review for correction of errors at law. *Meron*, 675 N.W.2d at 540. Errors in sentencing "may be challenged on direct appeal even in the absence of an objection in the district court." *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) (quoting *State v. Lathrop*, 781 N.W.2d 288, 292–93 (Iowa 2010)).

Rule 2.8(2)(b)(2) requires courts to ensure prior to accepting a plea of guilty that defendants understand "[t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered." Violations of rule 2.8(2)(b)(2) are evaluated under a "substantial compliance" standard. *State v. Weitzel*, 905 N.W.2d 397, 406 (Iowa

2017). Iowa courts have said that courts must ensure the defendant understands the "direct consequences of the plea." *State v. Hallock*, 765 N.W.2d 598, 604–05 (Iowa Ct. App. 2009) (quoting *State v. Carney*, 584 N.W.2d 907, 908 (Iowa 1998)).

"The court does not have a duty, however, to inform a defendant of all indirect and collateral consequences of a guilty plea." *Id.* at 605. "The distinction between 'direct' and 'collateral' consequences of a plea . . . turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." *Saadiq v. State*, 387 N.W.2d 315, 325 (Iowa 1986) (quoting *Cuthrell v. Dir., Patuxent Inst.*, 475 F.2d 1364, 1365–66 (4th Cir. 1973)). We consider whether the late-fee provision at issue "represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." *Saadiq*, 387 N.W.2d at 325.

The Iowa Supreme Court held that a trial court failed to substantially comply with rule 2.8(2)(b)(2) when it failed to inform a defendant of mandatory thirty-five percent surcharges under Iowa Code section 911.1. *Weitzel*, 905 N.W.2d at 399. In *Wietzel*, the defendant was not informed of the surcharge mandated by section 911.1, and the Iowa Supreme Court held that "the maximum possible punishment includes the surcharges." *Id.* at 408. The *Weitzel* court emphasized that, "For rule 2.8 purposes, we see no meaningful difference between a fine and a built-in surcharge on a fine." *Id.* (quoting *State v. Fisher*, 877 N.W.2d 676, 686 (Iowa 2016)).

*Weitzel*, however, did not address whether late fees conditioned on a defendant's delinquency are direct consequences of a sentence and therefore part of the defendant's punishment. Iowa cases have held the omitted mention of

collateral consequences will not disturb an otherwise valid guilty plea. *State v. Carney*, 584 N.W.2d 907, 908 (Iowa 1998).

The late fees included in the court's sentencing order were contingent on Garrity's failure to pay and thus were not mandatory. The fees were not immediate, as they would only accrue if Garrity failed to make future payments. Finally, given that the late fees are explicitly conditioned on a failure to keep current on a payment schedule, the fees are not properly considered punishment for the underlying offense. We determine the late-fee provision at issue here is a collateral consequence of Garrity's plea. Because we determine that the prospective late fees mentioned in the court's sentencing order were collateral consequences that do not implicate rule 2.8(2)(b)(2), we hold the trial court substantially complied with the rule.

**Conclusion**

We find that Garrity did not receive ineffective assistance of counsel regarding the absence of an in-court colloquy and late-fee penalty. We preserve the remainder of Garrity's ineffective-assistance-of-counsel claims for a possible future postconviction proceeding. We find no violation of Garrity's due process rights in the court's acceptance of the plea of guilty. Lastly, we hold that late-fee penalties on the financial obligations assessed at sentencing are collateral consequences of a sentence, and therefore the trial court did not violate rule 2.8(2)(b)(2) or Garrity's due process rights.

**AFFIRMED.**